# Land Title and Trust Company *v.* Fulmer, Appellant (No. 2).

*Building and loan association—Payment of dues—Appropriation of payments.*

Payment of dues upon stock, by a borrowing stockholder of a building and loan association, is not ipso facto an application of the money so paid to the reduction of his mortgage debt; in order to so effectuate the applica-

tion of payments on the stock to the debt, there must be an act of appropriation by one or other of the parties.

*Appeals—Assignments of error—Findings of the court below.*

An assignment of error based upon an alleged erroneous finding of the court below will not be considered where the record does not disclose any such finding.

Argued May 5, 1903.  Appeal, No. 112, April T., 1903, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1901, No. 413, for defendant on case tried by the court without a jury in suit of Land Title & Trust Company of Philadelphia, Trustee of the Loan Fund of the Mutual Guarantee Building & Loan Association of New Jersey now for use of said Mutual Guarantee Building & Loan Association v. Elmer E. Fulmer.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and MORRISON, JJ.  Affirmed.

Scire facias sur mortgage.  Before STOWE, P. J.

For the facts see Land Title & Trust Co. v. Fulmer (No. 1), ante, p. 256.

*Error assigned* was in finding that the defendant was indebted to plaintiff in the sum of $1,041.06, with interest from May 1, 1901.

*E. E. Fulmer*, with him *Joseph R. McQuaide*, for appellant.

*J. McF. Carpenter* and *G. M. Chalfant*, for appellee.

OPINION BY W. D. PORTER, J., March 14, 1904:

This is an appeal by the defendant from a judgment of the court below which we have this day modified in disposing of an appeal by the plaintiff.  The defendant complains that the learned judge of the court below held that " the collection of fines was not usurious."  The record does not disclose any such ruling, the finding of the court below was directly to the contrary and is based upon the ground that the plaintiff " had no right to contract in any manner for the payment of more than six per cent interest upon the loan made by it to the defendant."  There was no evidence that the defendant ever paid any fines.  The calculation embodied in the findings of the

court below does not include any fines, unless such items had been brought in by the parties in calculating the surrender value of the stock held by the defendant.    There was no evidence submitted to the court which would have warranted a finding that fines had been included in the calculation of the surrender value of the stock.    The defendant submitted no evidence as to the value of the stock, and the only evidence upon which the court could base a finding as to that value was the admission of the plaintiff.    The plaintiff admitted that the stock had a surrender value of $1,526.56 ; the defendant seems to have accepted this valuation, and based upon it his exceptions filed in the court below.    The defendant, in his paperbook in this court, now asserts the surrender value of the stock to be the amount stated.    The record excludes from our consideration any question as to fines.

Payment of dues upon stock, by a borrowing stockholder, is not ipso facto an application of the money so paid to the reduction of his mortgage debt ; in order to so effectuate the application of payments on the stock to the debt, there must be an act of appropriation by one or other of the parties : North America Building Association v. Sutton, 35 Pa. 463 ; Erthal v. Glueck, 10 Pa. Superior Ct. 402.    The assignments of error are without merit, and the appeal is dismissed at the costs of the appellant.