# Kurtz, Appellant, *v.* Campbell.

*Building and loan associations—Dues—Credits on bonds and mortgage.*

A borrower from a building and loan association has the right to elect to treat all past and future payments of dues on the stock as credits on the bond and mortgage, and to direct the officers of the association so to appropriate and credit the same. In such a case it is immaterial that the appropriation was made in the assignment of the stock rather than on the bond and mortgage, when the assignment of the stock was concurrent with the delivery of the bond and mortgage, and the whole constituted one transaction. The insolvency of the association does not affect an appropriation made prior thereto.

Argued April 23, 1907. Reargued May 20, 1907. Appeal, No. 17, Oct. T., 1907, by plaintiffs, from judgment ,of Superior Court, April T., 1906, affirming judgment of C. P. Jefferson Co., Aug. T., 1904, No. 87, on case tried by the court without a jury in suit of T. M. Kurtz, S. Keltonik and G. L. Glenn, Assignees of the Punxsutawney Mutual Building & Loan Association, v. Ira J. Campbell, S. K. Livingood and Rebecca M. Livingood, his wife. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed

Appeal from Superior Court. See 31 Pa. Superior Court, 516.

The opinion of the Superior Court, HENDERSON, J., was as follows :

At the time when the defendants executed their bond and mortgage to the building and loan association they also assigned their stock in the association as collateral security for the payment of the debt. Attached to this assignment was an election to treat all past and future payments of dues on the stock as credits on the bond and mortgage, and a direction to the officers of the association to so appropriate and credit the same.

The right of a borrower from a building and loan association to make such election has been recognized in many cases, beginning with North American Building Association v. Sutton, 35 Pa. 463. In Spring Garden Association v. Tradesmen's

Loan Association, 46 Pa. 493, the right of a mortgagor to apply his payments on the stock to the mortgage debt was distinctly declared, the license to make such application being implied in the nature of building association loans. It was there stated, however, that an act of appropriation by one of the parties is necessary in order to effect an application of the stock payments to the loan. Such is also the doctrine of Economy Building Association v. Hungerbuehler, 93 Pa. 258.

In Hemperley v. Tyson et al., 170 Pa. 385, the right to a lien on shares of stock of a building and loan association, by an attaching creditor, was denied for the reason that the owner of the stock had elected to apply her stock payments on her bond and mortgage for money borrowed, and the court said with reference thereto : " This election shows that it was her purpose to make the stock fund primarily liable for the loan, and the acceptance by the association of the assignment, subject to the election, involved an agreement on its part to so regard it."

The cases relating to the question are reviewed in York Trust, etc., Co. v. Gallatin, 186 Pa. 150, in which the right of appropriation is reaffirmed. In the course of his opinion Chief Justice STERRETT says : " Bearing in mind these principles in which all the cases substantially agree, it clearly follows that where the appropriation is made at the inception of the contract of loan, it cannot thereafter be successfully questioned." A convincing opinion by Judge PORTER in Erthal v. Glueck, 10 Pa. Superior Ct. 402, discusses the same subject and reaches the same conclusion.

The case of Freemansburg B. & L. Association v. Watts, 199 Pa. 221, is not in conflict with the cases cited. There was no express appropriation of payments in that case before the insolvency of the company, nor any notice given that payments were to be applied in a particular manner. The obligor's right of appropriation is recognized, however.

We do not deem it a controlling fact that the appropriation is made in the assignment of the stock rather than on the bond or mortgage. The assignment of the stock was concurrent with the delivery of the bond and mortgage, and its acceptance by the association made it a part of the contract under which the loan was effected. No objection was made to the appro-

priation by the borrower, and as it was made when the loan was obtained and the association was solvent, it cannot now be avoided. The insolvency of the company does not affect an appropriation made prior thereto: Strohen v. Franklin Saving Fund & Loan Association, 115 Pa. 273; York Trust, etc., Co. v. Gallatin, 186 Pa. 150.

The condition in the bond for the payment of monthly dues on the stock does not distinguish the case from that of York Trust, etc., Co. v. Gallatin. The right of appropriation is not controlled by the condition of the bond, but arises out of the obligor's control of the fund at the time of payment.

Our attention has been called to Globe Mutual B. & L. Association v. Schutte, 29 Pa. Superior Ct. 265, as an authority in support of the appellant's position. The controlling fact in that case was, however, that the conduct of the association and the borrower showed that, nowithstanding the election to apply the payments, they were not so applied by the parties. The payments were credited on the books of the association, and also on the pass book of the debtor, as payments upon account of dues and premiums, and the debtor was credited on his stock with the profit accruing to his shares. The pass book of the debtor in the stockholder's possession, showed weekly credits and also profits realized on his stock, and his conduct in permitting payments to be so appropriated and credited, and in receiving his dividend, was deemed to be a ratification of the appropriation of his payments made by the association, and notice to him that the association did not recognize his election. It was not intended to be a decision that a right of election did not exist.

In view of the foregoing authorities, and in the light of the facts found by the trial judge, the appellees were entitled to the defense set up.

The judgment is affirmed.

*Error assigned* was the judgment of the Superior Court.

*W. W. Winslow*, with him *J. L. Fisher, C. Z. Gordon* and *W. M. Gillespie*, for appellants.

*A. L. Cole*, with him *Jeff. G. Wingert*, for appellees.

PER CURIAM, June 3, 1907 :

This case is clearly within the rule of York Trust, etc., Co. v. Gallatin, 186 Pa. 150. The majority of the court are of opinion that on principle that case was erroneously decided, but as it has stood in the books for nine years, and many contracts have been made in reliance on it, the principle of stare decisis should prevail, and the authority of that decision should not now be disturbed.

Judgment affirmed.