Argued October 15, 1928.
On February 11, 1927, the defendant borrowed from the Consolidated Building Loan Association the sum of $2,175, giving therefor his promissory note payable *Page 234 
one day after date, with a clause therein transferring to the association thirty shares of stock in the second and fifth series of said association as collateral for said loan. The note also contained the following clauses: "And I do, for myself, my heirs, executors, administrators and assigns, agree that all monies heretofore or hereafter paid by me to said association upon said pledged shares shall be considered as made in liquidation of this loan. Should I default in payment of the principal when called, or of dues, interest, premium or fines due to said association, for a period of six months, I authorize it to forfeit the shares hereinabove named and to retain therefrom whatever may be due the association on account of this loan, interest, fines, etc." The defendant had paid to the association as dues on his thirty shares of stock at the time the loan was made the sum of $2,585, or $410 more than the amount of the loan.
On October 13, 1927, the secretary of banking took possession of the business and property of the association, under the provisions of the Banking Act of 1923, P.L. 809, as amended in 1927, P.L. 762, and shortly thereafter made demand on defendant for the payment of his note. He refused to pay on the ground that he elected to treat the payments made by him on said shares as made in liquidation of the loan, and this action followed. The undisputed evidence was that defendant had then paid in as dues on said shares the sum of $2,735. The jury found a verdict for the defendant. The plaintiff moved the court for judgment non obstante veredicto and for a new trial, both of which the court refused, and directed judgment to be entered on the verdict. Plaintiff appealed.
Defendant rested his case principally on the authority of York Trust etc. Co. v. Gallatin, 186 Pa. 150, where it was held that an almost precisely similar agreement on the part of the borrower, to the effect that all moneys theretofore paid or thereafter to be *Page 235 
paid by him into the building association on the stock then held by him should be taken and considered as payments on and in liquidation of the bond, operated as an express appropriation of, and not merely as a direction to appropriate, the payments on the stock to the extinguishment of the loan. The authority of that decision was restricted by subsequent declarations of the Supreme Court to cases having the same facts. In Freemansburg B. L. Assn. v. Watts, 199 Pa. 221,228, 229, it said: "York Trust Co. v. Gallatin, 186 Pa. 150, which is relied on by the appellant, was decided on the ground that by agreement of the parties an express appropriation had been made of all payments by the borrower. That case stands on its own facts, and it is not one to be reasoned from." And in Kurtz v. Campbell, 218 Pa. 524, 527, it said that a majority of the court were of opinion that on principle York Trust Co. v. Gallatin had been erroneously decided, but as it had stood in the books for nine years and many contracts had been made in reliance on it, the principle of stare decisis should prevail and it would not be disturbed. We take it from these authorities, that the decision in York Trust Co. v. Gallatin will not be extended to cases differing from it on the facts, and where the original intent to appropiate the payments made on the stock to the loan does not clearly appear.
In the Gallatin case the judgment bond evidently accompanied a mortgage on real estate, and the borrower took out his shares of stock practically coincidental with the loan. The bond was not due at any fixed date, but was conditioned on the payment of a weekly sum until all the shares of that series had matured. In our case the shares had been taken out years before and the payments on them exceeded the amount of the loan. The note was payable one day after date and had no other security than the stock. *Page 236 
Payment could have been demanded by the association at any time after February 12, 1927, without regard to when the borrower's stock became paid up.
The term, "liquidation," as used in this connection means "payment and satisfaction": 37 C.J. 1265, note 82. The Supreme Court in the Gallatin case construed the verb as equivalent to "appropriate." Appropriation is not a mere bookkeeping credit. If a credit is appropriated to a debt, the debt is paid and the credit extinguished pro tanto. Hence if it had been the intention of the parties in this case, at the time the loan was made, to liquidate the moneys theretofore paid by the borrower on his shares of stock and appropriate them to payment of the loan, the note would have been paid at once and the amount standing to the borrower's credit reduced pro tanto by the withdrawal of enough shares to pay the note. The borrower cannot liquidate his stock by appropriating it to a debt, and at the same time keep it intact until the shares are paid up: Watkins v. B. L. Assn., 97 Pa. 514, 525.
We think it clear that the phrase relied on in the Gallatin case cannot be applied to a stock loan, payable at a definite date and secured by assignment of shares with a paid in value greater than the amount of the loan; for an appropriation of the stock to the loan would of necessity pay the note and reduce the stock holdings of the borrower in proportion. It is evident from the other terms of this note that the parties did not intend, at the inception of the loan, a withdrawal of the stock or the appropriation of its value in payment of the loan except in case of default on the part of the borrower, but rather that the borrower should continue to pay his dues as theretofore. See Globe Mut. B. L. Assn. v. Schutte, 29 Pa. Super. 265,269. The borrower was at liberty to pay the loan whenever he saw fit to do so, leaving his stock intact; and the association could demand payment of the note *Page 237 
whenever it wanted to after it became due; but it could only appropriate the stock to the note in case of the borrower's default as before mentioned. Payments on the stock are not ipso facto payments on the loan, but, except in the case of insolvency, the borrower may apply his payments on the stock to the loan: North America Bldg. Assn. v. Sutton, 35 Pa. 463, 468; Spring Garden Assn. v. Tradesmen's Loan Assn., 46 Pa. 493, 495; Early Lane's App., 89 Pa. 414; Erthal v. Glueck, 10 Pa. Super. 402,409, 410. Had the association itself demanded payment of its note, the defendant could have applied enough of his payments on the stock to satisfy the debt: Watkins v. B. 
L. Assn., 97 Pa. 514, 522; Harris App., 2 Sadler 203; Land T. 
T. Co. v. Fulmer, 24 Pa. Super. 260, 262.
The secretary of banking by the Act of 1923 (Sec. 29) succeeded to all the rights of the association, but unless the association was insolvent his rights were no higher than its: Allen v. Marshall et al. Receivers, 294 Pa. 185. He had the same right as the association to call on the defendant for payment of the note; but unless he took possession of the association because of its insolvency, the defendant had the same rights of defense against the secretary that he had against the association and could apply the instalments paid on his stock to the payment of his note. He elected to do so in this action. Neither the pleadings nor the evidence set forth the reasons why the secretary of banking took possession of the association and its property. Under the law he may do so for other reasons than insolvency, (Sec. 21 of Banking Act of 1923). The learned trial judge called attention to the fact that there was no evidence in the case as to the insolvency of the corporation. In the absence of such evidence the defendant was entitled to binding instructions, because the moneys paid in by him on his shares of stock as shown by the books when the secretary of *Page 238 
banking took over the association, exceeded the amount of the note, and the defendant formally elected to have them applied to payment of the note.
For these reasons the assignments of error are overruled and the judgment is affirmed.