Savitz Bldg. & Loan Assn. *v.* S. Lissman.

502

Argued November 12, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Albert S. C. Millar,* for appellant.

*Nathan Edelstein,* and with him *Gilbert J. Kraus* of *Levinthal & Kraus,* for appellee.

OPINION BY BALDRIGE, J., January 30, 1931:

On September 7, 1926, the defendant obtained a loan from the Louis Savitz Building and Loan Association and gave as evidence thereof his promissory note, in the sum of $350, payable one day after date, and assigned as collateral security for the payment thereof, ten shares of the capital stock of the association. The note provided that ''all moneys heretofore or hereafter paid by me to said association upon said pledged shares shall be considered as made in liquidation of this loan.'' The defendant had subscribed for the ten shares of stock in June, 1923, so that at the time of the loan he probably paid to the association a sum in excess of the amount borrowed. On July 1, 1927, the defendant gave the association written notice of his intention to withdraw his stock. The Secretary of Banking, on January 19, 1928, took possession of the association because of its alleged insolvency under the provisions of the Banking Act of 1923, P. L. 809, as amended in 1927, P. L. 762. Thereupon, he occupied the same position in relation to this defendant as the building and loan association with reference to this transaction and the association's rights. The Secretary of Banking sent a notice on February 16, 1928, to the defendant, acknowledging the association's indebtedness to him, in the sum of $37.25.

This suit was brought, June 19, 1928. The case was tried in municipal court before Judge CASSIDY, sitting without a jury, and judgment was entered for the defendant; plaintiff appealed.

The defense set up was that there had been an appropriation of the value of the defendant's stock to

the extinguishment of the loan by the terms of the collateral note and under the withdrawal notice; that the appropriation was evidenced by appellant's notice to the defendant of the association's indebtedness to him.

In the case of Consolidated Building and Loan Association v. Shipley, 95 Pa. Superior Ct. 232, Judge KELLER, speaking for this court, very clearly pointed out that "liquidation," as used in the note, means "payment and satisfaction," and is not to be interpreted as an intention of the parties that the money paid on the stock prior to the date of the note should be applied on the note at the inception of the loan, as in that event the note would have been at once paid.

The defendant, however, relies mainly on his notice to the association and to the application of the amount paid on his stock to the extinguishment of the loan. He maintains that the written notice was received by the secretary of the association, duly entered on the records of the association, and that the appropriation was actually made; that thereafter he demanded payment of the balance due of the withdrawal value of his stock and the secretary promised to send him a check for the difference between its value and the amount due on the note; and, further, that such an actual appropriation was made is indicated by the action of the plaintiff in sending notice to the defendant of the amount due him by the association. As the note was payable one day after date, it was past due, and the defendant had a right to instruct the association to appropriate his stock to the payment of it. As was said in Consolidated Building and Loan Association v. Shipley, supra, "The borrower was at liberty to pay the loan whenever he saw fit to do so, leaving his stock intact; and the association could demand payment of the note whenever

it wanted to after it became due; but it could only appropriate the stock to the note in case of the borrower's default as before mentioned. Payments on the stock are not ipso facto payments on the loan, but, except in the case of insolvency, the borrower may apply his payments on the stock to the loan: North American Bldg. Assn. v. Sutton, 35 Pa. 463, 468; Spring Garden Assn. v. Tradesmen's Loan Assn., 46 Pa. 493, 495; Early & Lane's App., 89 Pa. 411; Erthal v. Glueck, 10 Pa. Superior Ct. 402, 409, 410. Had the association itself demanded payment of its note, the defendant could have applied enough of his payments on the stock to satisfy the debt: Watkins v. B. & L. Assn., 97 Pa. 514, 522; Harris App., 2 Sadler 203; Land T. & T. Co. v. Fulmer, 24 Pa. Superior Ct. 260, 262.''

We find that nothing done thereafter, either by the association or by the defendant, was inconsistent with such an appropriation, as in Globe Mutual Building and Loan Association v. Schutte, 29 Pa. Superior Ct. 265.

The Act of April 29, 1874, P. L. 73, Sect. 37, West's Penna. Statutes, Par. 2421, provides: ''Any stockholder wishing to withdraw from the said corporation, shall have power to do so by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount, paid in by him or her, less all fines and other charges.''

If there is no proof of the exact time of the appropriation, it could be fairly assumed in this case that it was made in accordance with the requirements of law. In our judgment, the evidence was sufficient upon which to base the finding that appropriation was consummated and the defendant's loan paid. This appropriation would be effective only, however, in the event of the solvency of the association when the appropriation was made; its insolvency would not af-

fect an appropriation made prior thereto: Kurtz v. Campbell, 218 Pa. 524.

There is no dispute that the association was insolvent on January 19, 1928, when it was taken over by the Department of Banking. But was it insolvent on August 1, 1927, which was thirty days after the notice was given by the defendant? The plaintiff argues that the association must have been insolvent at the time of the alleged appropriation as it had the same assets and liabilities when taken over by the Department of Banking as it had on July 1, 1927. That may be persuasive evidence of its insolvency, but it does not inevitably follow that such was the case. There was no proof of the exact time when this association was unable to pay its stockholders. The assets of the association consisted of mortgages, etc., which did not have a definite market value. The amount that could have been realized therefrom depended upon various conditions, so that one could not say definitely when this association became insolvent. As insolvency of the association was alleged, the burden was upon the plaintiff to prove it.

As we find no uncontradicted testimony sufficiently specific to show conclusively the value of the assets and the extent of the liabilities at the time of the defendant's withdrawal, we cannot say that it was an error upon the part of the learned court below in finding the association solvent at the time of the withdrawal.

Judgment is affirmed.