## Frisby v. The Armenian-American B. & L. Assn., Appellant.

Argued October 3, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Paul Reilly*, for appellant.

*Joseph A. Allen*, and with him *William F. Brennan*, for appellee.

OPINION BY PARKER, J., December 16, 1932:

Katherine G. Frisby, the plaintiff, a stockholder in the appellant building and loan association, was the owner of twenty-five shares of installment stock in each of two different series, on which payments had

been regularly made for a number of years. In 1929, she made two stock loans, one for $1,400 and the other for $350, pledging the stock in the two series as security for the money borrowed. On May 5, 1930, at which time the dues on the stock and the interest on the money borrowed had been fully paid, she gave written notice of a desire to terminate her relations with the defendant. The material parts of this notice, addressed and delivered to the officers of the association, were as follows:

"This letter is enclosed with communication sent you registered mail by Mr. Wm. B. Christy, and we would ask you to kindly put on record withdrawal of the following building and loan books:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

No. 2323)
2600) Katherine G. Frisby

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

We hope the above payments will be made promptly, and will appreciate a report from you as to when settlement may be expected.

(Signed) Katherine G. Frisby."

At this time, the withdrawal value of the installment stock was more than the sum of the loans and greater than the total of the payments made on account of such stock. The defendant did not make settlement, and on November 21, 1930, an action in assumpsit was begun in common pleas court to secure the difference between the withdrawal value of the installment stock pledged as collateral and the sum of the notes with interest. The plaintiff conceded the right of the defendant to collect interest on her loans for the months of May and June. A motion was made for judgment for want of a sufficient affidavit of defense and a rule to show cause was granted, which rule was subsequently discharged. Thereafter, the case was remitted to the municipal court as the amount in con-

troversy was within the jurisdiction of that court. Acting on certain suggestions made in the opinion discharging the rule for judgment, the plaintiff subsequently paid to the building and loan association the sum of $102.91, which sum was not claimed in the original statement or made the subject of a subsequent amendment. The case was submitted to a jury, and at the conclusion of the testimony, the court directed a verdict for the difference between the withdrawal value of the installment stock and the amount of her loans with interest plus the additional sums paid after suit was started.

The appellant suggests three reasons why the judgment should be reversed: (1) the plaintiff had no right to withdraw her stock while it was held in pledge by defendant as security for the loan; (2) the payments on account after suit was brought constituted a revocation of the notice to withdraw; (3) the plaintiff not having included in her claim any demand for the amounts paid after suit was brought can not recover such sums in this action.

The defendant, in support of its first position, refers to the Act of April 29, 1874, P. L. 73, section 37, cl. 2, which provides: "And any stockholder wishing to withdraw from the said corporation, shall have power to do so by giving thirty days' notice of his or her intention to withdraw, when he or she shall be entitled to receive the amount, paid in by him or her, less all fines and other charges; but after the expiration of one year from the issuing of the series, such stockholders shall be entitled in addition thereto to legal interest thereon: Provided, That at no time shall more than one-half of the funds in the treasury of the corporation be applicable to the demands of withdrawing stockholders without the consent of the board of directors, and that no stockholder shall be entitled to withdraw whose stock is held in pledge for security,

etc." The appellant argues that the last clause quoted is a bar to the right of the plaintiff to withdraw, and in further support refers to a by-law of the defendant association which provides that no stockholder shall be entitled to withdraw whose stock has been assigned to the association as security for a loan until such loan and all arrearages and charges have been paid in full. Since the right to withdraw is regulated by statute, no by-law can impose any conditions to the right of withdrawal that are inconsistent with the statute: Booz's Appeal, 109 Pa. 592. This statute, however, is not all that there is on the subject. Section 4 of the Act of April 10, 1879, P. L. 16, as amended by the Act of April 30, 1929, P. L. 901, provides: "A borrower may repay a loan at any time ...... And further provided, That such borrower shall receive the withdrawing value of the shares pledged for said loan, and the shares shall revert back to the association." These two statutes are to be read together. The absolute right is given to a borrower to repay his loan at any time and receive credit for the withdrawal value of the stock, provided the association is solvent at the time. When the entire sections are read together, the soundness of our conclusion is the more evident. Owing to the peculiar nature of the relationship which exists among stockholders in a building and loan association and which is somewhat different from that in ordinary corporations, the right to withdraw is made subject to the giving of thirty days' notice and the existence of funds applicable to such withdrawals. It does not require any disbursement on the part of the corporation to apply stock to the payment of an existing loan.

If the contention urged is sound, a borrower would be compelled to repay his loan and then withdraw, which would defeat the purpose and express provision of the Act of 1879 that he had the right to repay his

loan at any time and receive the withdrawal value of the shares. In fact, this matter is ruled by the case of B. Podol B. & L. Assn. v. Polak, 102 Pa. Superior Ct. 36, where it was held that a borrower could elect to treat the installments paid on stock collateral to such loan as credits. If, as in the case at hand, there is a balance due the stockholder, the association may be protected and full force given to the acts of assembly by providing that execution shall not issue on the judgment until funds are available in accordance with the provisions of the act. We also note that the notice served upon the association in this case referred particularly to the building and loan book which, we may fairly assume, recorded not only the payment of dues, but interest, and that the stockholder was asking to have the loan discharged by the application of the withdrawal value and then to receive the balance due her.

As to the second contention, we have no doubt that a stockholder could revoke a notice of withdrawal in which the association might acquiesce. Here there was not any express direction so to do, and the appellant relies upon an implied revocation by reason of the making of subsequent payments. The facts of the case, however, negative any intention on the part of the stockholder to cancel the original notice. It is evident that these payments were made by reason of a mistaken interpretation of an opinion which had been filed by the court and for the purpose of protecting the right of the plaintiff to insist upon her withdrawal and receive credit for the full withdrawal value, including a portion of the earnings. She was apparently fearful lest, by reason of default in payments, she would not be entitled to receive any share of the profits and would be limited to the amounts actually paid in. The facts here do not warrant an inference that the plaintiff cancelled the previous notice. Referring to

the case of B. Podol B. & L. Assn. v. Polak, supra, it will be observed that a substantial payment was made in that case after suit was brought, and it was not held to be a revocation of notice although such contention was urged.

We are all of the opinion that there is merit in the third position taken by the defendant. The plaintiff's statement made claim for the difference between the withdrawal value of the stock and the amount of the loans with interest as of June 22, 1930, plus interest to the date of judgment. There was not any claim made in the statement as originally drawn, nor was there any amendment which would cover the payments made after suit was begun. The inclusion of such sum, therefore, cannot be sustained.

The lower court is directed to reduce the judgment to an amount equal to the difference between the withdrawal value of the stock on June 22, 1930, and the sum of the loans with interest to the same date plus interest on such difference to the date of the verdict, with the direction that execution shall not issue on such judgment without permission of the lower court and until it is shown that funds are available therefor in accordance with Section 37 of the Act of April 29, 1874, P. L. 73.

As thus modified, the judgment of the lower court is affirmed.