## Crawford, To Use, Appellant, v. New Spartan Building and Loan Association.

Submitted December 14, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Richard W. Ledwith,* and with him *MacCoy, Evans, Hutchinson & Lewis,* for appellant.

*Paul Freeman,* for appellee.

OPINION BY TREXLER, P. J., February 1, 934:

On July 2, 1932, J. Carlisle Crawford applied to the Spartan Building & Loan Association for a loan of $2,500 and offered as security a bond and mortgage on certain premises and further to assign twelve and a half shares of stock in the association as collateral security for the payment of the principal sum secured by the bond and mortgage. In the application it was said:

"If this loan is granted ...... the said association

shall and will appropriate the value of said stock for and toward the payment and reduction of the principal sum of said bond and mortgage debt.''

Said application was approved by the association, the shares were transferred as collateral security and it was provided that ''if directed by written authority of said applicant, then the said association will appropriate the value of said stock toward the payment and reduction of the principal sum secured by the said bond and accompanying mortgage.''

The bond and mortgage was given and the shares of stock were transferred as collateral security upon the same condition as set out in the application ''for no other use, intent and purpose whatsoever.''

Crawford conveyed the premises bound and all his right title and interest in the shares to Amanda S. White, the present plaintiff and appellant. On the 23rd day of June, 1933, there had been paid in as dues on said shares, $1,462.50. The owner of the property tendered to the association a sum sufficient to liquidate the mortgage provided credit was given for the total sum paid on the dues. This was refused for the reason that the association had been merged and consolidated with the ''New'' Spartan Building & Loan Association and the *value* of the shares was reduced to $965.25 owing to the insolvency of the association.

The question is whether prior to the insolvency of the association, was there an appropriation of the amount paid in as dues on shares of stock owned by the appellant so as to reduce the principal sum by such amount. The appellant relies upon the case of York Trust Co. v. Gallatin, 186 Pa. 150, 40 A. 317. In that case there was a distinct provision in the bond that ''all money paid or hereafter to be paid by me into the association on the stock I now hold in the same shall be taken and considered as payment on and in liquidation of this bond.'' It was there held that this language operated as an express appropriation of,

and not as a direction to appropriate, payments of stock to the extinguishment of the loan. The association became insolvent, but notwithstanding this fact, the court there held, in a suit on the mortgage, that the mortgagor was entitled to credit for the full amount of the weekly dues paid by him. The court held "that where the appropriation is made at the inception of the contract of the loan, it cannot thereafter be successfully impeached." This we think is no longer the law, but before discussing this phase of the case, we notice that in Freemansburg B. & L. Assn. v. Watts, 199 Pa. 221, 229, 48 A. 1075, the Supreme Court stated that the York Trust case, supra, "stands on its own facts and is not to be reasoned from," and in Kurtz v. Campbell, 218 Pa. 524, 67 A. 843, a majority of the court considered that the York case was erroneously decided, but as many contracts had been made in reliance of it, "stare decisis" applied.

Comparing the facts in this case with those in the York case, there is a substantial difference. In the York Trust case the *money* paid in was to be applied to the liquidation of the mortgage; in the present case, the *value* of the shares. This we think was clearly a recognition that the sum paid in was not to be deducted, but the value of the shares which of course fluctuated according to the accumulated earnings of the association. This provision evidently looks to some future time when the obligor in the bond can exercise his right to deduct the value of the shares from the mortgage given; not only the amount paid in, but the value as ascertained and fixed by reference to the assets of the association. The provisions as to appropriation was merely designating the ultimate disposition of the value of the shares, ear-marking the dues paid and as we will notice later, allowing credit for them unhampered by the claims of outside creditors.

Even if the facts in the present case fitted in with those in the York Trust Co. case, we think the recent decisions of the Supreme Court have indicated that it is not to be followed. Applied to the present, the York Trust Co. case would give the defendant, the mortgagor, a preference over the other shareholders. He would not be required to share the loss occasioned by the failure of the association. The words of Justice SIMPSON in the very recent case of Sullivan v. Ideal B. & L. Association., 313 Pa. 407, are significant. Alluding to the right of appropriation of the shares to the debt of the shareholder, he states: "Despite our repeated ruling that it [the shareholder] has that right, we would now modify or reverse those decisions, if, by applying them, the other members of the association would be seriously injured." Commenting further on the facts in that case, he sets out what the effect of such appropriation would be:

"It is clear, therefore, that the court below correctly decided that plaintiff had the right to require that the dues paid by it should be credited on the mortgage loan. It was also correct in holding that such appropriation would not alter plaintiff's duty to continue paying each month the full sum of $996.88, just as theretofore it had done. The appropriation of the $33,750 of dues on account of the mortgage debt, would not in any way alter the requirements of payment as specified in the bond and mortgage or other obligation given by plaintiff to defendant; nor would it, in the case of a later insolvency, excuse plaintiff from sharing pro rata in the losses which occurred during the time of his membership: Strohen v. Franklin Saving & Loan Assn., supra. [115 Pa. 273; 8 A. 843.] Plaintiff would still have to pay the same amount, as previously it had been paying, until the series, in which it had shares of stock, had fully matured. So, also, at maturity it would get in either

event, the $2,500 difference between the matured value of his 450 shares ($90,000) and his loan of $87,500, and no more. In either event, also, it would not get this sum or any part thereof until such maturity. If it defaulted in its payments, and foreclosure became necessary, it would be entitled to exactly the same credit on the mortgage debt, no matter when the appropriations were made, and, if required by plaintiff, they would have to be then made. The real benefit to both the parties, rests in the fact that settlement could at any time be effected between them, unhampered by the claims of outside creditors."

Our court has often held that the right of appropriation of payments on account of stock can be exercised providing the association is solvent, and the loan paid, or, if paid in part, the remaining security is satisfactory to the lender: Zusin v. Wharton B. Men's B. & L. Assn., 107 Pa. Superior Ct. 181, 189, 163 A. 377; Benjamin Podol B. & L. Assn. v. Polak, 102 Pa. Superior Ct. 36, 156 A. 556; Savitz Assn. v. Lissman, 101 Pa. Superior Ct. 501; Consolidated Assn. v. Shipley, 95 Pa. Superior Ct. 232, and cases therein cited on page 237.

We may add that in the present case, there is no question about the maturity of the stock or the continuation of membership in the association. The stockholder who gave the mortgage desires to liquidate it and as stated before, claims that he has a right to receive full credit for all dues paid, irrespective of the fact that the value of the shares has been reduced by reason of the insolvency of the company. The lower court correctly decided that he was entitled to credit in the settlement for the present value of the shares and not to the entire amount paid in. He has to bear his burden occasioned by the insolvency of the association the same as any other shareholder.

The decree of the lower court dismissing the bill is affirmed; appellant to pay the costs.