Harr, Secretary of Banking, et al., Appellants, *v.* Schafer et ux.

Argued October 18, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, JAMES and RHODES, JJ.

*Sylvan H. Hirsch,* with him *Herbert P. Sundheim,* Special Deputy Attorneys General, *Robert L. Myers, Jr.,* Deputy Attorney General, and *Charles J. Margiotti,* Attorney General, for appellants.

*Albert H. Friedman,* with him *Peter P. Zion,* for appellees.

PER CURIAM, January 31, 1936:

The Handel & Haydn Building & Loan Association was merged with the Mortgage Building & Loan Association under an agreement which contained a provision expressly prohibiting the right of withdrawal by any stockholder for a period of two years from the date the merger agreement was approved.

Defendants were stockholders of the Handel & Haydn Building & Loan Association who assented to the merger and waived the right of withdrawal as aforesaid.

At the time of the merger defendants were indebted to the Association on stock loans, for which they had given judgment notes secured by a transfer of their stock.

Before the two year period fixed in the merger agreement had expired they sought to pay their loans to the Association by appropriating to such payment the withdrawal value of as many shares of stock as was necessary for that purpose. The Association refused to permit them to do so, and on default by the borrowers, had judgment entered against them on one of the notes. The court below opened the judgment and the plaintiff appealed to this court.

The case is governed by the recent decision of the Supreme Court—filed since the order of the court below was entered—in Williams v. Wenger, 319 Pa. 73, 79, 179 A. 242, which requires a reversal of the order.

In that case, the Supreme Court, speaking through Mr. Justice KEPHART—now the Chief Justice—said

with reference to an attempt by a borrowing stockholder, who, on a merger with another association, had waived the right of withdrawal for two years, to withdraw her stock within that period and apply its value to her loan, "Appellant gave no express direction to so apply her stock, but relies on her notice of withdrawal as implying a request to pay off her note and credit her with the difference in the value of her shares. But if her withdrawal by implication included an appropriation, then the provision in the merger agreement prohibiting withdrawals, equally, by implication, prohibited appropriations; and if the withdrawal did not include an appropriation, she has never requested that the shares be applied to the payment of her debt. The appropriation of the value of the shares of a borrowing member to the payment of the loan is as much a withdrawal of the shares as the ordinary form of withdrawal in the case of a nonborrower. The Act of April 10, 1879, supra, [P. L. 16] and the cases above cited merely eliminated the requirement that the borrower first pay his debt and then receive the withdrawal value of his share. An appropriation is a form of withdrawal and is within the merger agreement assented to by the appellant herein; if this were not so, the effect would be to place the entire burden resulting from the suspension of withdrawals upon nonborrowing members and thus place those indebted to the association in a preferred position. In view of the later insolvency of the association, she will not be allowed to take advantage of any preference obtained through an appropriation on the books of the association to the serious detriment of the remaining members." p. 79.

We do not agree with appellees' contention that the extract above-quoted is *obiter dictum*. It was an answer to a contention of the appellant in that case, that a notice to withdraw stock on which the shareholder had borrowed money, implied an appropriation of the stock,

or so much thereof as was necessary, to the payment of the debt, and hence it was directly in point, as respects the right of the borrower to make such an appropriation during the withdrawal waiver period. But whether *dictum* in that case or not, it is well-reasoned and sound law, and will be applied here.

The order of the court below appealed from is reversed at the costs of the appellees.