Homer Building and Loan Asso., Appellant, *v.*
S. Makransky & Sons, Inc.

Argued November 11, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, JAMES and RHODES, JJ.

*B. I. deYoung,* with him *B. Leon Brenner,* for appellant.

*David S. Malis,* for appellee.

OPINION BY PARKER, J., February 26, 1937:

This is an action in assumpsit brought by a building and loan association to recover the amount of a stock loan made to one of its members. The case was tried in the municipal court by a judge without a jury and resulted in a judgment for the defendant. In this appeal the plaintiff complains of the refusal of its motions for judgment n. o. v. and for a new trial. We find no error in the action of the court below.

The plaintiff made out a prima facie case by showing the execution and delivery of a stock loan note for $1,200, dated October 28, 1930, payable one day after date, and the failure of the defendant to pay the note when due. The association held as collateral for the note 140 shares of its installment stock on which more than $10,200 had been paid before the loan was made. The defendant insisted at the trial of the issue that it had directed the plaintiff to apply sufficient of the payments made on the installment stock which it held as collateral to discharge the obligation, and that the plaintiff had neglected and refused so to do. The plaintiff answered that the request of defendant amounted to a withdrawal of a sufficient amount of stock to meet the obligation and that the request was not in writing although the by-laws of the plaintiff required applications for withdrawals to be in writing.

The trial judge found as a fact that the defendant before suit had directed "that its payments on the stock be applied and appropriated to the extinguishment of the note"; and that such payments amounted to much more than was required to discharge the loan. Substantially the only question raised by the plaintiff at

the oral argument or in the printed briefs is to the effect that the defense must fail because the request for appropriation was not in writing. We are of the opinion that the appellant's position is without merit.

A pivotal and controlling matter overlooked by the appellant is the distinction between the rights of a stockholder in solvent and insolvent associations. We must assume that the plaintiff was and is solvent, for there is not any evidence in the record and there was not a suggestion in the printed briefs of appellant that the plaintiff was insolvent. If the association had been insolvent a different question would have been presented and some of the cases cited by appellant would be applicable.

In *Early & Lane's Appeal,* 89 Pa. 411, it was definitely settled that a stockholder in a building and loan association who borrowed money from the association and pledged stock therein as collateral could elect to have his dues applied on account of the loan provided the association was solvent when the application was made. Also, see *North American Bldg. Assn. v. Sutton,* 35 Pa. 463; *Watkins v. Workingmen's B. & L. Assn.,* 97 Pa. 514; *Kurtz v. Campbell,* 218 Pa. 524, 67 A. 843; *Orient B. & L. Assn. v. Freud,* 298 Pa. 431, 436, 148 A. 841; *Green v. Second Allegheny Bldg. Assn.,* 311 Pa. 305, 307, 166 A. 865. "These and other cases that might be cited distinctly recognize the right of the debtor to direct appropriation of the payments on the stock to the extinguishment of the debt. His power to so direct before the intervention of the rights of creditors cannot be doubted. It is only where the rights of creditors attach, by assignment, as in the cases last cited, or by legal process, or insolvency, as in *Strohen v. Franklin Saving Fund & Loan Assn.,* 115 Pa. 273 [8 A. 843], that the debtor's right of appropriation is forfeited. Until thus forfeited, his right remains": *Sullivan Mfg. Co. v. B. & L.* Assn., 313 Pa. 407, 412, 170 A. 263.

However, the appellant insists that proper request to have the dues so appropriated was not given because the request was not in writing. Defendants had been stockholders in Homer Building & Loan Association (hereafter called First Homer) and had paid to that association approximately $8,900 in dues prior to April 10, 1930, when the association was taken over by the Banking Department of this Commonwealth. By a merger agreement effective as of August 1, 1930, First Homer was merged with Second Homer Building & Loan Association under name of Homer B. & L. Association (hereafter referred to as New Homer), and the control of the association was returned to the stockholders. The loan in question for $1,200 was made on October 28, 1930. At that time defendant paid more than $1,300 in additional dues to New Homer and later paid about $1,000. The merger agreement fixed the value of shares coming from First Homer to New Homer at "70 per cent, of the total aggregate payments made prior to April 10, 1930," not considering any interest or profits, plus the full amount of any payments made after April 10, 1930. It will be noted that there was paid to New Homer as dues after April 10, 1930, more than $2,300. The by-laws of the First Homer were adopted as the by-laws of the New Homer except insofar as they were modified by the merger agreement. These by-laws provided that applications for withdrawal of stock should be in writing and placed certain restrictions on withdrawals, but there was also the following provision in the merger agreement: "Borrowers desiring to pay off their loans (whether the loans be so-called 'stock loans' or otherwise) shall, regardless of the provisions hereof restricting withdrawals, be entitled until August 1, 1931, to credit at the rate of 70 per cent. of the total amount paid by them on shares of stock of HOMER held as collateral for their loans prior to April 10, 1930, plus the full amount of all such payments made after April 10, 1930,

minus arrears, plus such profits as may be allotted to such shares, but after taking such credit they shall not be entitled to share in any distribution from the funds specified in paragraph V, A, 3 hereof." The last provision contains no requirement that an application for appropriation of dues to indebtedness shall be in writing, no profits were allotted to such shares, and no claim is made for profits.

It is true that in some of the cases an appropriation of dues to a loan has been referred to as a withdrawal and it is, in many respects, the equivalent of a withdrawal (*Williams v. Wenger*, 319 Pa. 73, 179 A. 242), but the terms are not for all purposes the same. As early as in the case of *Watkins v. Workingmen's B. & L. Assn.*, supra (p. 523), it was held that a stockholder who defaulted in payment of his loan was entitled to receive a credit for the dues paid in, but not any portion of the profits nor even a withdrawal value fixed by the by-laws for withdrawing members.

As was pointed out in the case of *Williams v. Wenger*, supra, and by this court in *Morris Resnick B. & L. Assn. v. Barnes*, 108 Pa. Superior Ct. 218, 221, 164 A. 358, the power of a shareholder to withdraw from a building and loan association is rather a privilege than a right. It was not until the Act of April 12, 1859, P. L. 544, that any right of withdrawal was provided for in the statutes of this state. This right was later provided for in the Act of April 29, 1874, and appears in the present Building and Loan Code of May 5, 1933, P. L. 457, §612 (15 PS 1074-612). Withdrawal value of shares is, in the case of building and loan associations, frequently more than the amount of the dues paid in and less than the book value of the stock. In the present case the borrower was not demanding the withdrawal value of the stock or any share in the profits, but only an appropriation of payments made.

There are many reasons why an association might

insist that an application for withdrawal should be in writing, which reasons are not applicable in the case of a repayment of a loan. In the case of a solvent association the association is only required to pay the withdrawal value as funds are available, and then only a certain proportion of those funds and in the order that the requests are filed. The consequence is that there are frequently more applications for withdrawal than the association is prepared to meet. It is eminently proper that the association should have the applications in writing so as to determine the order of priority. In the case of the repayment of a loan, the stockholder is entitled to have his dues applied toward the repayment of the loan at any time providing the association is solvent.

The by-laws of the association in question make a clear distinction between the withdrawal of shares and the repayment of loans. We therefore hold that the provision in the by-laws of this association with relation to withdrawals being in writing is not applicable to a request to have a sufficient amount of the dues paid appropriated to the payment of the loan.

The case of *Harr v. Schafer*, 120 Pa. Superior Ct. 347, 183 A. 74, relied upon by the appellant, is readily distinguishable from the present case. In that case there was a merger agreement and at the time of merger the defendants were indebted to the association on stock loans. By the terms of the agreement assented to by the stockholders, it was expressly provided that there should not be any withdrawal for a period of two years from the date of the merger agreement. There was not, as here, an express provision for the repayment of loans made either before or after the merger. In the case of *Williams v. Wenger,* supra, also cited by the appellant, the defendant there gave no direction to apply her payments of dues to the reduction of her obligation, but relied solely on a notice of withdrawal as implying

a request to pay off the note and credit the difference in the value of her shares.

It is further suggested that the borrowing stockholder, by continuing to pay interest on his loan, waived his previous request for appropriation. The right of appropriation continues even after a judgment is obtained, provided the association is solvent. There was evidence of several requests by the defendant for appropriation, at least one of which was after any interest was paid. There was also evidence as to the circumstances under which the payments of interest were made that made any possible question of waiver a question of fact for the trial judge. The entry of a judgment for defendant presumes the findings of facts necessary to support it.

As we have heretofore indicated, if we were dealing with the case of an insolvent association a different question would be presented. Not only is it clear that a request was made for the appropriation of the dues to the payment of the loan, but it is undisputed that the defendant paid into the association in dues, after its reorganization and after the management was returned by the Banking Department to the stockholders, a sum equivalent to substantially twice the amount of the loan. We are all of the opinion that the case was correctly disposed of by the court below. The defendant is entitled to have the plaintiff apply to the payment of the loan the payments made on a sufficient amount of the installment stock, as fixed by the merger agreement, to discharge the note sued for. The remaining stock is governed by the rules with relation to withdrawals.

Judgment affirmed.