Chase *v.* Vigilant-Champion Building and Loan Association, Appellant.

Argued October 11, 1938.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*A. J. Nydick,* with him *M. Jacob Markman,* for appellant.

*Norman J. Kalcheim,* for appellee.

OPINION BY RHODES, J., November 21, 1938:

Plaintiff brought an action in assumpsit against defendant building and loan association. Defendant filed an affidavit of defense containing new matter to plaintiff's statement of claim. Plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, and filed a reply to the new matter raising questions of law. After argument the court below made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense, and sustained plaintiff's reply raising questions of law to the new matter. Defendant has appealed from the summary judgment entered.

The statement of claim averred that plaintiff was the owner of 40 shares of installment stock in defendant building and loan association; that up to and including January 1, 1933, he had paid on his stock the sum of $5,300; that on May 1, 1931, he made a stock loan of $2,000, and on May 23, 1931, a similar loan of $1,500, pledging the 40 shares of stock as security for the said loans; that on February 21, 1933, he gave written notice requesting the withdrawal value of his said shares; that said notice of withdrawal was entered by the secretary of defendant association on a list of withdrawing stockholders on February 27, 1933; that as a result of the withdrawal notice there became due and owing to the plaintiff the sum of $1,800; that all interest on the said two stock loans was fully paid; that defendant made

distributions to all its stockholders of record totaling 50 per cent of the value of their shares; that plaintiff had not received any of such dividends on account of his withdrawal value of $1,800, and therefore brought suit to recover the sum of $900, representing 50 per cent of the value of his shares after deducting the amount of his two stock loans. The affidavit of defense admits the material averments of the statement of claim, but avers that plaintiff's application for withdrawal did not direct appropriation of the withdrawn stock to the payment of his loans; and that defendant had received thirty-one prior requests for withdrawal, aggregating $33,829.45, and that, at the meeting of March 20, 1933, the cash on hand amounted to $11,828.25. It further avers that there had been awarded to plaintiff dividends in the proportion of 50 per cent of the amount paid by him on account of his shares of stock, to wit, the sum of $2,650, and that this sum had been applied to the payment of principal and interest on account of plaintiff's indebtedness on the stock loans. As new matter defendant averred that on May 15, 1933, a resolution was adopted segregating all payments made by stockholders not indebted to defendant association from and after the meeting of March 20, 1933; that until December 18, 1933, all such funds were segregated; that on December 18, 1933, a resolution was adopted by the board of directors, a copy of which was attached. This resolution declared all shares canceled, and provided that no further dues be accepted on unencumbered shares; that all payments received from borrowers, including the meeting of March, 1933, in excess of 6 per cent interest on the amount of their loans be credited on account of the principal of the respective debts; that all payments made by stockholders on unencumbered shares since March, 1933, be returned in full to the respective stockholders; that a distribution of all cash on hand and of all future receipts of defendant association be applied to the payment of dividends to the stock-

holders not indebted to the defendant association; and that such dividends be credited to the obligations of those stockholders who were indebted to the defendant association.

The affidavit of defense does not allege that defendant was insolvent at the time of the receipt of plaintiff's withdrawal notice. In fact, in defendant's brief it is repeatedly asserted that defendant is still admittedly solvent. Defendant being solvent, plaintiff, a borrowing stockholder, had a right to repay his loans at any time by directing the withdrawal value of his shares be applied to his obligations to defendant, and to receive such excess in the same way as a non-borrowing withdrawing stockholder. *Morris Resnick Building & Loan Ass'n v. Barnes et al.*, 108 Pa. Superior Ct. 218, 164 A. 358; *Frisby v. Armenian-American Building & Loan Ass'n*, 107 Pa. Superior Ct. 313, 317, 163 A. 357; Act of April 10, 1879, §4, P. L. 16, as amended by the Act of April 30, 1929, §1, P. L. 901, repealed by the Act of May 5, 1933, P. L. 457, No. 108. See, also, *Williams et al. v. Wenger*, 319 Pa. 73, 179 A. 242.

The stock payments were not ipso facto payments on the loans made by the defendant to plaintiff (*Consolidated Building & Loan Ass'n v. Shipley*, 95 Pa. Superior Ct. 232, 237; *West Susquehanna Building & Loan Ass'n v. Sinclair*, 124 Pa. Superior Ct. 133, 137, 188 A. 371), and in order to effectuate application of payments on the shares of stock to the loans required an appropriation by plaintiff. Plaintiff had the right and privilege of having such appropriation made as long as defendant was solvent. He was entitled to have the withdrawal value appropriated to the payment of his loans to the extent necessary for that purpose. See *Benjamin Podol Building & Loan Ass'n et al. v. Polak*, 102 Pa. Superior Ct. 36, 156 A. 556.

The underlying legal question involved in this appeal is whether plaintiff's notice of withdrawal was an act of appropriation. Under the pleadings it is necessary

that plaintiff rely on his notice of withdrawal as implying a request to pay off his notes and credit him with the difference in the value of his shares, as it does not appear that plaintiff gave express direction to appropriate the value of his stock to his indebtedness. See *Williams et al. v. Wenger*, supra.

We are of the opinion that plaintiff's withdrawal by implication included an appropriation, and that the resolution of December 18, 1933, could in no way abridge plaintiff's rights which had become fixed nearly nine months prior. In *Frisby v. Armenian-American Building & Loan Ass'n*, supra, in an opinion by Judge PARKER, this court held that plaintiff was entitled to judgment in an amount equal to the difference between the withdrawal value of her shares of stock and the sum of her indebtedness. In that case there was no act of appropriation other than the written notice of withdrawal.

Plaintiff's notice of withdrawal was, in effect, a demand for the withdrawal value of his shares of stock over and above the amount of debt which he owed to defendant. The effect of the withdrawal was to require an appropriation. There could not have been a withdrawal without an appropriation. Plaintiff, being a borrowing member of defendant association, could only appropriate, or direct the application of, the withdrawal value of his shares to his loans, and receive the excess. His notice of withdrawal could have no other effect. See Act of April 29, 1874, P. L. 73, § 37, repealed by Act of May 5, 1933, P. L. 457, as to building and loan associations. He was not obliged to pay his loans and then withdraw; and defendant was not required to make any disbursements to apply the value of plaintiff's shares of stock to the payment of his loans. "The appropriation of the value of the shares of a borrowing member to the payment of the loan is as much a withdrawal of the shares as the ordinary form of withdrawal in the case of a non-borrower": *Williams et al. v. Wenger*, supra, 319 Pa. 73, at page 79, 179 A. 242, at page 245.

It is likewise true, we think, that the withdrawal by plaintiff, a borrowing member, included an appropriation of the value of his shares and the payment of his stock loans without express direction. Cf. *Morris Resnick Building & Loan Ass'n v. Barnes et al.*, supra. The excess above the amount of the stock loans became payable to plaintiff in due course under the law, in the same way as a withdrawing stockholder. *Morris Resnick Building & Loan Ass'n v. Barnes et al.*, supra, p. 226. It follows that on such balance plaintiff was entitled to the same pro rata distribution as that given to other non-borrowing stockholders.

Defendant relies mainly on *Heidelberger v. Municipal Building & Loan Ass'n*, 117 Pa. Superior Ct. 38, 177 A. 203. In that case plaintiff, a withdrawing stockholder, not only instituted his suit prematurely, but claimed a preference in the payment of the balance due on his withdrawn shares over the other stockholders. In the instant case plaintiff is not asking for a preference, but for such percentage only of the difference between the value of his shares and the amount of his loans as was paid to holders of free shares. Plaintiff does not attempt by his action against defendant to change his recognized legal status (*Brown v. Victor Building Ass'n*, 302 Pa. 254, 153 A. 349), or to obtain an advantage or priority (*Stone v. Schiller Building & Loan Ass'n et al.*, 302 Pa. 544, 552, 153 A. 758); on the contrary his action was instituted to obtain his pro rata share of the funds for distribution to the stockholders. To this we think he is clearly entitled. A judgment gives him no advantage or priority. Plaintiff is not seeking to recover the full withdrawal value of his shares before other stockholders, and the cases cited involving that proposition have no application. See *Brown v. Victor Building Ass'n*, supra; *Rosenblatt et al. v. Potential Building & Loan Ass'n*, 110 Pa. Superior Ct. 466, 169 A. 24; *Stone v. Schiller Building & Loan Ass'n et al.*, supra.

The action of defendant eight or nine months after plaintiff's notice of withdrawal did not deprive him of his right to participate on an equal basis with the other stockholders in the distribution of defendant's assets on the unpaid withdrawal value of his shares of stock. The excess of the withdrawal value of plaintiff's shares of stock over and above his indebtedness to defendant had been fixed. Defendant's subsequent decision to liquidate was for the primary reason that it could find no satisfactory fields in which to invest its liquid funds which had accumulated without profit, and not because of insolvency.

The court below correctly held that, under the pleadings, plaintiff was entitled to dividends aggregating 50 per cent of the balance of the withdrawal value of his shares of stock, after application of the amount necessary to pay his loans, which was the percentage that has been paid to other stockholders on their shares.

Plaintiff's right to a summary judgment is clear and free from doubt, and its entry is sustained. *Rosenblatt et al. v. Potential Building & Loan Ass'n,* supra, p. 468.

Assignments of error are overruled.

Judgment is affirmed.