Caruso *v.* Members B. & L. Assn., Appellant.

·Argued October 12, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*D. Arthur Magaziner,* and with him *Laurence Brunswick* and *Clinton O. Mayer,* for appellant.

*John F. E. Hippel,* and with him *Leon J. Obermayer* of *Edmonds, Obermayer & Rebmann,* for appellee.

Per Curiam, November 22, 1934:

The matter arose in a petition praying for a decree to satisfy a mortgage belonging to the defendant building and loan association. The statement of the question involved is "under the undisputed evidence in this case was defendant insolvent when plaintiff sought to apply his shares on account of his mortgage indebtedness?

The answer to this is that there was sufficient evidence to support the finding of the court that the company was solvent. There were several appraisers who testified, according to their investigations, that the company was insolvent on December 16, 1932. There were other reports made by accountants presumably just as competent, which show that the association was earning money, making profits and that profits were

allocated to the various series. It was for the judge, sitting as chancellor, to determine what the real fact was. It was not a matter of law. It was a matter of accepting and rejecting contradictory evidence. It seems that the chancellor was fully justified in the conclusion reached. The fact that a building and loan association has not liquid assets sufficient to meet any imaginable demand does not prove insolvency. The evidence shows that the defendant is a going concern which in all probability will eventually pay all the indebtedness it carries. The question before the court for determination was upon considering the testimony and the documentary evidence, whether or not the defendant has shown that it was insolvent on December 16, 1932. Solvency or insolvency is a question of fact. The defendant having alleged insolvency, it was its duty to prove it. B. & L. Assoc. v. Polak, 102 Pa. Superior Ct. 36, 156 A. 556; Savitz B. & L. Assoc. v. Lissman, 101 Pa. Superior Ct. 501. Of course, if the association was solvent the right to appropriate the shares to the payment of the loan followed. Crawford v. New Spartan B. & L. Assoc., 112 Pa. Superior Ct. 113 and cases therein cited: 170 A. 695.

The decree of the lower court is affirmed. Appellant to pay the costs.