## Krompasky et ux. v. Danube B. & L. Assn.

*Frederick C. Fiechter, Jr.,* for petitioners.
*Walter D. Stewart,* for respondent.

PER CURIAM, October 31, 1938.—Plaintiffs are owners of premises 2403 North Hancock Street, by deed dated July 23, 1923. On May 20, 1926, petitioners executed and delivered to the Danube Building & Loan Association a certain indenture of mortgage in the sum of $3,500, secured upon the said premises. The same date petitioners executed their bond in the penal sum of $7,000, conditioned upon the payment of the said $3,500 at any time after one year from the date thereof. Subsequently the said mortgage was reduced from $3,500 to $2,050.

Petitioners subscribed for 11 shares of stock of the twenty-second series of the Danube Building & Loan Association. The shares of stock are now standing in the names of petitioners on the association's books. On or

about October 15, 1938, the sum of $847 had been paid to defendant upon the said 11 shares of stock assigned as security for the said mortgage. On the same date the attorney for petitioners directed the secretary of the defendant association to appropriate against the said loan payments made upon the said 11 shares of stock; and on October 20, 1938, having ascertained that $1,203 was the balance still due upon the said mortgage, plus interest and premiums due, as of October 15, 1938, the attorney for petitioners tendered a cashier's check to the order of the defendant association in the sum of $1,206, being the amount due plus a $3 satisfaction fee, and requested the association to satisfy the said mortgage and return the bond evidencing it. On October 24, 1938, counsel for the building and loan association wrote that the offer to cancel the shares and set them off against the loan was refused.

Petitioners further aver that the building and loan association is carrying on business and is still collecting dues, and from this fact they believe and aver that it is solvent. They have been so advised by the Department of Banking of the Commonwealth of Pennsylvania, whose report is attached to their petition.

Petitioners pray that the court direct the defendant building and loan association to satisfy the mortgage of record, upon payment to it by petitioners, of the sum of $1,206, the amount due at the date of the appropriation of the shares of stock upon the obligation of the mortgage, less profits accruing to their shares.

Respondent's answer to the petition avers that a special meeting of the board of directors of the Danube Building & Loan Association was held on Monday, September 26, 1938, for the purpose of considering the liquidation of the association. "The board of directors are of the opinion that under present conditions it is impractical for the association to function advantageously and that it would be advisable to liquidate." A resolution was thereupon

adopted to call a special meeting of the stockholders of the association for October 26, 1938, to consider the liquidation of the association, the winding up of its business, the collection of its assets, payment of its liabilities, dissolution of the same, and the election of liquidating trustees; and, in pursuance of the aforesaid resolution, a special meeting of the stockholders of 233 shares of stock out of a total issue of 251 shares outstanding were present in person or by proxy and voted unanimously in favor of the liquidation and for the election of liquidating trustees.

The answer further avers "That as to whether the association is solvent or insolvent is a fact which cannot be definitely ascertained at this time and will depend upon the success with which the liquidating trustees may be able to convert the assets into cash."

We are of opinion that this is not a denial of solvency and, in the absence of such a denial, the presumption is that the association was solvent on October 20, 1938, the date of tender of the balance due on the mortgage. Solvency or insolvency is a question of fact, and the burden was on defendant to prove insolvency: Benjamin Podol B. & L. Assn. et al. v. Polak, 102 Pa. Superior Ct. 36; Caruso v. Members B. & L. Assn., 115 Pa. Superior Ct. 212.

We are of opinion that this petition is not ripe for disposition at the present time. The Act of May 28, 1715, 1 Sm. L. 94, sec. 10, provides:

"And if such mortgagee, by himself or his attorney, shall not, within three months after request and tender made for his reasonable charges, repair to the said office [recorder of deeds], and there make such acknowledgment as aforesaid, he, she or they, neglecting so to do, shall for every such offence, forfeit and pay, unto the party or parties aggrieved, any sum not exceeding the mortgage-money, to be recovered in any Court of Record within this province, by bill, plaint or information."

It would appear that the association has three months from the date of the tender to satisfy the mortgage as

requested by the shareholder. We shall hold the petition in abeyance until the expiration of that time, and petitioners are granted leave to file a petition at that time averring that the mortgage has not been satisfied and praying for a further order of the court.