West Susquehanna Building and Loan Association v. Sinclair, Appellant.

134

Argued October 1, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Benjamin B. Cohen*, for appellant.

*D. P. Hibberd*, with him *Heilner H. Gaul*, for appellee.

Opinion by Keller, P. J., December 11, 1936:

West Susquehanna Building & Loan Association—now in the hands of liquidating trustees, who are winding up the affairs of the association under the supervision of the Secretary of Banking—brought an action in assumpsit against Emma Sinclair, a stockholder in said association, to recover the money due it on four loans made to her on the security of her stock in the association. The loans were made on the dates and in the amounts following: March 9, 1927, $100; December 14, 1927, $250; May 9, 1928, $50; December 9, 1931, $30. All of the loans carried interest at 6% per annum pay-

able monthly, and each of them was secured by assignment of five shares of stock of the borrower in the 46th series of the association, worth, at the times the loans were respectively made, more than the amounts borrowed.

The summons and a copy of the plaintiff's statement were served on the defendant on July 25, 1934. Judgment for want of an affidavit of defense was duly entered on August 10, 1934.

On August 16, 1934 the defendant filed her petition and obtained a rule to show cause why the judgment should not be opened and the defendant allowed to file an affidavit of defense, with set-off and counterclaim. No affidavit of defense was presented to the court with the petition, as is the usual practice in such cases. The plaintiff filed its answer, and depositions were taken by both parties. The court discharged the rule and the defendant appealed to this court.

It appears from the papers in the case that following the service of the summons and statement the defendant admitted liability to the association and negotiated for the privilege of making payment by installments,— which was agreeable to plaintiff,—until a day or two before the time when her affidavit of defense had to be filed, when her attorney, who was then first employed, requested plaintiff's attorney for an extension of time to file an affidavit. Plaintiff's attorney being of opinion that defendant had no defense to the action, refused the extension. Defendant did not file the affidavit within the day or two yet remaining and made no effort to secure from the court an extension of time, within which to file an affidavit of defense. The lower court properly held that the petition failed to set forth a sufficient excuse for not filing an affidavit of defense within the time fixed by law.

The ground for relief on the merits set up in the petition was that the fourth note, for $30, signed De-

cember 9, 1931, contained an appropriation of the stock to that loan. No such provision was present in the other loans, a change in the form of notes evidencing stock loans having been made in 1929. It was proved by the depositions of witnesses, called by the defendant herself, whose testimony was not contradicted or refuted in any manner, that the shares of stock in the association held by the defendant as aforesaid and assigned as security for the loans, had not been appropriated to the loans or any of them by either the association or the defendant stockholder; that on June 27, 1932, the association was found to be insolvent—in that it was unable to pay back to its stockholders dollar for dollar the amount of their contributions (See *Kurtz v. Bubeck,* 39 Pa. Superior Ct. 370, 379; *Stone v. Schiller B. & L. Assn.,* 302 Pa. 544, 552, 153 A. 758)—and, by action of the stockholders, liquidating trustees were elected to wind up its affairs.

While the form of the note for $30—the fourth one—is somewhat unusual in its terms, we are satisfied, in view of the interpretation placed upon it by the parties themselves, that the clause relied upon was, in effect, only an agreement by the borrower that the value of the stock and the payments then made or *thereafter to be made thereon* might be appropriated and used by the association, whenever it saw fit to do so, towards the payment of the loan, interest, premium, fines and costs and for no other purpose, rather than an actual and immediate appropriation of it by the association; that it was intended to authorize an appropriation by the association in the future rather than to effect a present and immediate appropriation; for if the latter had been intended, there would have been no payments thereafter to be made on the stock so appropriated to the payment of the loan; "for an appropriation of the stock to the loan would of necessity pay the note and reduce the stock holdings of the borrower in pro-

portion": *Consolidated B. & L. Assn. v. Shipley,* 95 Pa. Superior Ct. 232, 236.

It was not contended that the defendant herself ever appropriated, or requested the association to appropriate, the value of her stock, or her payments upon it, to the payment of her loans or any of them, until after the insolvency of the association and the bringing of the present action. While she had the right and privilege of doing this as long as the association was solvent, she never availed herself of that right during the solvency of the association; and after the association became insolvent, her right to make such appropriation was gone: *Crawford v. New Spartan B. & L. Assn.,* 112 Pa. Superior Ct. 113, 170 A. 695.

We find no error or abuse of discretion in the refusal of the court below to open the judgment and permit the defendant to file an affidavit of defense, with set-off and counterclaim, on the grounds averred in appellant's petition.

One matter, however, not raised in the petition requires correction. While payments on stock—that is, monthly installments by way of dues—are not ipso facto payments on a loan made by the association to the stockholder, *(Consolidated B. & L. Assn. v. Shipley,* supra, p. 237, and cases cited), payments of interest, made monthly or otherwise, are appropriated at once to the interest on the loan. They are made specifically as payments of interest and are necessarily so appropriated as soon as made. In assessing the damages, the plaintiff apparently failed to give credit for the interest payments made by the defendant, but claimed, and apparently included in the judgment, interest on the notes from their respective dates. The true rule is set forth in *Strohen v. Franklin Saving Fund & Loan Assn.,* 115 Pa. 273, 280, 8 A. 843, where Mr. Justice PAXSON speaking for the Supreme Court said: "Under our view of the case, plaintiff was entitled to

judgment, but not for the amount for which it was entered. The damages should be assessed by charging the defendant with the sum actually received on his mortgage, with interest for the same, and crediting him with all actual payments of interest. But his payments upon his stock are not to be credited on the mortgage as payments of either principal or interest."

The judgment entered in this case will accordingly be reduced and modified by crediting—unless it has already been done in the assessment of damages—all actual payments of interest made by the defendant, in accordance with the principle stated by Mr. Justice PAXSON in the case of *Strohen v. Franklin Saving Fund & Loan Assn.*, supra.

Judgment modified as above stated and as so modified it is affirmed.