Carrozza *v.* Girard Chevrolet Co., Appellant.

Argued March 21, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

reargument refused May 18, 1963.

A. *Martin Herring,* with him *Miller, Pincus & Greenberg,* for appellant.

*Rames J. Bucci,* with him *Bucci & Bucci,* for appellee.

OPINION BY MONTGOMERY, J., April 18, 1963:

This is an appeal by the Girard Chevrolet Company from an order discharging a rule to open a default judgment obtained by the appellee against the Girard Chevrolet Company for failure to file an answer in an assumpsit action.

On September 22, 1961, the appellant was served with a copy of a complaint in assumpsit alleging a promise on the part of the appellant to arrange insurance coverage for the automobile the appellee was purchasing from the appellant. After this purchase in October, 1960, appellee avers that he made inquiries from time to time of the appellant and the other two corporate defendants in the case as to whether or not his newly purchased automobile was covered by insurance and in each instance he was assured that it was.

About eight weeks after the purchase appellee's new automobile was burglarized and wrecked. When appellant attempted to recoup his loss, he discovered that there was no insurance coverage on his car and brought suit against the three defendants for the amount of the G.M.A.C. loan, by which appellant financed the purchase, less the salvage value. His alleged damages were in the sum of $3,873.00.

Appellee alleges that the Girard Company agreed to have the vehicle insured and financed through G.M.A.C.

but rather placed the insurance with Safeguard, which was subsequently cancelled. Appellant did notify Lawn Mutual Insurance Company, but before an endorsement was mailed to G.M.A.C. the Girard Company had cancelled the Safeguard policy. After the automobile was burglarized, Lawn denied knowledge of an order.

Upon being served with the copy of the complaint, the Girard Company called the law offices of its attorney and was informed that he was abroad and would remain so for approximately the succeeding two months. However, the appellant was advised to forward the complaint and an associate of the appellant's attorney would take the necessary defense procedures. The following week the law offices of the appellant's counsel were moved to a new location and the appellant alleges that during the process of the said removal, the preliminary objections which had been prepared for filing, together with the other papers pertaining to the instant case, were misplaced, and as a result of this negligence of counsel the said preliminary objections were never filed.

On October 5, 1961, G.M.A.C. filed preliminary objections, and on October 13, 1961, Lawn Mutual Insurance Company filed its preliminary objections. The preliminary objections of G.M.A.C. in the nature of a demurrer were sustained and those of Lawn Mutual Insurance Company for more specific pleading were also sustained and the appellee was allowed twenty days in which to file an amended complaint. The amended complaint was filed after default judgment was taken against the appellant, and the appellant complains that it was never served with a copy of the amended complaint. The appellant alleges that only because of a title search which it had made in connection with another matter on May 17, 1962, did it discover that the default judgment had been entered

against it on November 17, 1961, and counsel for the appellant, immediately upon this discovery, filed a petition to show cause why the judgment should not be stricken and/or opened. Appellee filed an answer to this petition but never served a copy upon the appellant or its counsel, and as a result thereof the attorneys for the appellant saw no reason to file interrogatories or take depositions, thinking that its petition was admitted. The trial court refused to open or strike the judgment, noting the delinquency of the appellant and its counsel in not filing any answer or petition to open, but particularly because of the appellant's failure to show any specific defense.

Petitions to open default judgments rest on the sound discretion of the trial court, and are essentially equitable proceedings ruled by equitable principles. *Smith v. Dale,* 405 Pa. 293, 175 A. 2d 78; *Rabben v. Steinberg,* 192 Pa. Superior Ct. 243, 159 A. 2d 746; *Winner v. Messinger,* 165 Pa. Superior Ct. 507, 69 A. 2d 172. To open a judgment by default or confession a meritorious defense must be averred impressing the court with need for relief. *Foster v. Nixon,* 194 Pa. Superior Ct. 572, 168 A. 2d 630. It is generally true that under circumstances where an attorney's error or mistake is the cause of the default judgment's entry, it has been the practice of the courts to relax the rules of pleading in favor of hearing the case on the merits. *Texas and Block House Fish and Game Club v. Bonnell Run Hunting and Fishing Corporation,* 388 Pa. 198, 130 A. 2d 508; *Borjes v. Wich,* 171 Pa. Superior Ct. 505, 90 A. 2d 288. However, the mere statement that failure to answer was due to inadvertence of counsel is not a sufficiently reasonable explanation or excuse to justify the opening of a default judgment, and it will not be done except where such sufficient excuse for the failure to act promptly is presented *and where a good and sufficient defense to the action is set forth*

by way of answer, or affidavit of defense, as the case may be. *Page v. Patterson,* 105 Pa. Superior Ct. 438, 161 A. 878.

A review of the record in the present case fails to reveal any meritorious defense, or for that matter, any defense on the part of the appellant. The appellant does state that it has such a defense without any indication as to its nature. As pointed out by the lower court, this is a mere general self-serving declaration which is insufficient as a reason to open the judgment. The obvious specific defense the appellant could have asserted was a mere denial that it made the alleged promise to see that the newly purchased car was covered by insurance, or if it did, that such promise was performed. The failure of the appellant to assert this defense or any other meritorious defense leads us to the conclusion that no such defense existed. Therefore, even if we were to ignore the dilatory or neglectful conduct of the appellant's counsel, since the indispensable element of a meritorious defense has not been presented, we can find no abuse of discretion on the part of the lower court in refusing to open the judgment.

The appellant further contends that the judgment is invalid in that the appellant did not have an opportunity to plead to the amended complaint. The record shows that the amended complaint was ordered against defendant Lawn and had nothing to do with the appellant who had failed to make any pleadings to the original complaint.

Pa. R. C. P. 1032 states: "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply . . ."

Appellant further claims that a default judgment cannot be entered against one of several defendants in an action in assumpsit. There is no merit to this contention where, as here, there are averments of several liabilities. Pa. R. C. P. 2232(d).

Order affirmed.