385 A.2d 392

**ECUMENICAL ENTERPRISES, INC., Appellee,**

v.

**NADCO CONSTRUCTION, INC., Defendant, the
Travelers Indemnity Company,**

**and**

**Smith Miller & Associates, a partnership, General Roofing &
Insulation Company, Inc., Fidelity & Deposit of Maryland, a
corporation, Gasparini Excavating Company, Inc. and United
States Fidelity and Guaranty Company, Additional Defendants.**

**Appeal of the TRAVELERS INDEMNITY COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided April 13, 1978.

Philip Baskin, Pittsburgh, with him Jerome M. Libenson, Pittsburgh, for appellant.

Jerry B. Chariton, Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Luzerne County refusing to open a default judgment. Appellant, The Travelers Indemnity Company (hereafter Travelers), contends the lower court abused its discretion in declining to open the judgment. We agree and, therefore, reverse.

On August 13, 1975, the plaintiff-appellee, Ecumenical Enterprises, Inc. (hereafter EEI), filed an action in assumpsit against NADCO Construction, Inc. (hereafter NADCO) and Travelers. The suit was predicated upon a contract for the construction of a housing complex in Wilkes-Barre.[1] Appellee's complaint was served upon NADCO on August 19, 1975, and upon Travelers on September 2, 1975. On the same day it was served NADCO forwarded a copy of the complaint to its counsel, Jerome M. Libenson, Esq., and advised him that it was presumed Travelers would agree to his representation of both parties. Attorney Libenson responded immediately by filing preliminary objections to the complaint.[2] Unfortunately, counsel neglected to enter an appearance on behalf of Travelers or specifically plead the same preliminary objections on Traveler's behalf. For vari-

[1]. NADCO is the principal and Travelers the surety on various performance and payment bonds executed in connection with the construction contract.

[2]. The preliminary objections set forth the contention that the Court of Common Pleas lacked jurisdiction over the matter because the construction contract provided that binding arbitration would be the exclusive remedy for any disputes. It is noteworthy that on August 8, 1975, five days prior to EEI's institution of suit, NADCO had requested arbitration through the American Arbitration Association.

ous reasons this serious oversight went unrecognized and, on October 7, 1975, a default judgment in the amount of $142,500.00 was entered against Travelers. A petition to open the judgment was filed two days after Travelers received notice of its entrance. Depositions in support of the petition were subsequently taken, and on February 23, 1976, the lower court entertained argument on the petition. At the time of argument, however, NADCO's preliminary objections, in which Travelers sought permission to join through its petition to open, were still pending before another judge in the lower court. The preliminary objections were later dismissed on April 2, 1976, following which an answer, new matter and counterclaim were filed by both NADCO and Travelers on April 20, 1976. By decision and order dated June 1, 1976, the lower court denied the petition to open on the grounds that Travelers failed to establish the existence of a meritorious defense to the complaint. Nevertheless, the court granted Travelers permission to apply for a rule to show cause why it should not be allowed to amend its petition strictly for the purpose of alleging as an additional reason for opening the judgment, that it was not for a sum certain and a trial should be conducted solely to assess the exact amount of damages.[3] Furthermore, Travelers filed a motion for stay; a motion for reconsideration to make new findings and conclusions; and a motion to clarify, amend or modify the decision. These motions were denied and this appeal ensued.

It is fundamental that a petition to open a default judgment is an appeal to the court's equitable powers and, absent a clear abuse of discretion, the court's decision will not be disturbed. *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973); *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971); *Hersch v. Clapper,* 232 Pa.Super. 550, 335 A.2d 738 (1975). Moreover, it is equally well-settled that in an assumpsit action a petition to open should not be granted

---

3. The record is silent as to the ultimate disposition of Travelers' amended petition which was filed on June 7, 1976.

unless three conditions coalesce: (1) the petition has been filed promptly; (2) the default is reasonably explained; and (3) a meritorious defense is shown. *Ruczynski v. Jesray Const. Corp.,* 457 Pa. 510, 326 A.2d 326 (1974); *McCoy v. Public Acceptance Corp.,* supra; *Jost v. Phoenixville Area School Dist.,* 237 Pa.Super. 153, 346 A.2d 333 (1975).

▮▮▮ Instantly, the court below concluded that although appellant's petition to open had been promptly filed, a meritorious defense had not been shown. In reaching this conclusion, the court noted that the petition to open, in relevant part, simply alleges the following:

"8. Defendant, The Travelers Indemnity Company, has a meritorious defense to the Plaintiff's claim based upon the defenses of Nadco Construction, Inc., all of which are known to Plaintiff, the Plaintiff having sent copies of correspondence to this Defendant. Furthermore, Plaintiff will suffer no prejudice by having this judgment opened."

We are in accord with the lower court's conclusion that the above allegation, standing alone, was insufficient for the purposes of demonstrating the existence of a meritorious defense since the facts underlying the defense were not averred. "It is clear that the petition to open must set forth its defenses 'in precise, specific, clear and unmistaken terms.' *Ab v. Continental Imports,* 220 Pa.Super. 5, 9, 281 A.2d 646, 648 (1971), and must set forth the facts on which the defense is based. *Young v. Matthews Trucking Corp.,* 383 Pa. 464, 119 A.2d 239 (1956)." *Slott v. Triad Distributors, Inc.,* 230 Pa.Super. 545, 551, 327 A.2d 151, 154 (1974).

▮▮▮ The court below next reviewed the depositions to ascertain whether Travelers had any meritorious defenses to appellee's cause of action.[4] Once again, however, the court concluded that Travelers failed to demonstrate the existence

4. The lower court opinion expresses some doubt as to the propriety of examining depositions to determine whether the petitioner has set forth a meritorious defense. We note that this practice is clearly appropriate. See *Smith v. Dale,* 405 Pa. 293, 175 A.2d 78 (1961); *Minetola v. Samacicio,* 399 Pa. 351, 160 A.2d 546 (1960); *Fourtees Co. v. Sterling Equipment Corp.,* 242 Pa.Super. 199, 363 A.2d 1229 (1976).

of a meritorious defense. It is with this latter conclusion that we disagree. Our review of the relevant testimony persuades us that Travelers has sufficiently posited a seemingly meritorious defense. *Davis v. Safeguard Investment Co.,* 239 Pa.Super. 300, 361 A.2d 893 (1976). Examination of the record reveals that two of the deponents testified to the various defenses which would be employed if the judgment was opened and the case proceeded to a trial on the merits. In essence, these witnesses testified that the chief source of the disputes which spawned EEI's institution of litigation could be traced to the site selected for construction of the housing complex. Specifically, testimony was adduced that many of the problems were attributable to poor soil condition and water problems. Moreover, Travelers disclaimed any responsibility for these problems in view of the fact that they did not sell the land to EEI. The depositions also disclose Travelers' intention to defend on the basis of improper supervision of the project by the local architect and, in addition, EEI's failure to carry on certain maintenance functions. In addition, the testimony indicates several other defenses, such as: claims beyond the scope of the contract; design deficiencies, the existence of sub-contractors as additional defendants, and FHA certification of the work. Allegedly, all these defenses would be employed in the event of a trial on the merits. We are of the opinion that these depositions adequately supplemented the petition to open and established apparently valid defenses. As we have previously observed in *Alexander v. Jesray Constr. Co.:*

> "While we do not wish to understate the necessity of setting forth with sufficient specificity facts to constitute a meritorious defense, the lower court need not try the case on the merits when considering an equitable petition to open a default judgment. *Cherry Steel Corp. v. Ashbourne Country Club,* 227 Pa.Super. 433, 323 A.2d 231 (1974). Our review convinces us that the appellants have set forth an arguable meritorious defense sufficient to justify relief, if proven at trial." 237 Pa.Superior Ct. 99, at 104, 346 A.2d 566, at 569.

In sum, we conclude the lower court was unduly technical in holding that Travelers did not sufficiently establish the existence of a meritorious defense.

One final matter remains for discussion. Because of its opinion that appellant failed to satisfy the meritorious defense requirement the lower court did not expressly reach the issue of whether appellant reasonably explained its failure to file a timely answer. The lower court's opinion does, however, state the reasons which appellant has advanced as an explanation for its failure to appear and answer. Given these circumstances we believe it proper and in the best interests of judicial time and economy to address this issue in the first instance ourselves.

Briefly, Attorney Libenson explained that his failure to answer or file an appearance on behalf of Travelers was caused by pure inadvertence and an unintentional omission to act. Specifically, counsel stated that an oversight on his part occasioned his failure to specifically plead the preliminary objections on behalf of Travelers. Attorney Libenson further explained that because of continuing settlement negotiations between the parties and the fact that he was hospitalized and out of his office for a two week period prior to the entry of the default judgment his failure to specifically name Travelers as a party to the preliminary objections went undetected. He further testified that EEI's counsel, notwithstanding constant correspondence and communication between the attorneys, never advised him of his mistake nor of his intent to take a default judgment. Finally, the record reflects that Travelers had no reason to believe its interests were not being represented.

"It is well settled that the power to open a default judgment entered as a result of mistake or oversight of counsel, is frequently exercised where the petition to open is promptly filed and a reasonable excuse for the default is presented." [Citations omitted.] *Alexander v. Jesray Constr. Co.*, 237 Pa.Super. at 103, 346 A.2d 566. See also *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 368 A.2d 802 (1976). In the circumstances of this case, we

are convinced that the default judgment was entered solely as a result of an oversight by counsel and that this mistake or oversight was excusable. Accordingly, we find that Travelers' failure to timely defend has been reasonably explained.

In the final analysis then, it is our opinion that Travelers has satisfied all three requirements necessary to open a default judgment and, therefore, the court below abused its discretion in denying the petition to open. In reaching this conclusion we are ever mindful of the principle that: "In determining whether a judgment by default should be opened, we must ascertain whether there are present any equitable considerations in the factual posture of the case which require that we grant to a defendant against whom the judgment has been entered an opportunity to have his 'day in court' and to have the cause decided upon the merits. In so doing, we act as a court of conscience." *Kraynick v. Hertz,* 443 Pa. 105, 111, 277 A.2d 144, 147 (1971). It must also be recognized that the rules which authorize the entrance of a default judgment were designed to prevent a dilatory defendant from unreasonably thwarting the plaintiffs' efforts to establish a claim. *Id.* "The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation." *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. at 445, 368 A.2d at 804; *Kraynick v. Hertz,* supra. In the case at hand, the record is replete with "equitable considerations which impress the court with the need for relief." *Ehnes v. Wagner,* 388 Pa. 102, 104, 130 A.2d 171, 172 (1957). For example, if the default judgment were permitted to remain intact it is conceivable that Travelers (the surety), whose liability cannot exceed that of its principal (NADCO), *East Crosswords Center, Inc. v. Mellon-Stuart Co.,* 416 Pa. 229, 205 A.2d 865 (1965), would be faced with a money judgment of more than $140,000.00 after a trial establishes that its principal is not liable to the plaintiff. While this factor would not of itself compel relief, when it is considered in conjunction with plaintiff's failure

to give notice of its intent to take a default[5] and, most importantly, Travelers' reasonable compliance with the rules necessary for opening a judgment, we are of the view the court below abused its discretion in declining to open the judgment.

Order reversed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

**5.** Although the rules do not require a plaintiff to give notice of his intent to seek a default judgment, we have recently noted that this factor should be considered in ruling on a petition to open. See e. g., *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. at 445, n. 2, 368 A.2d at 805, n. 2 and cases cited therein. Indeed, we are certain that had Travelers' oversight been called to its attention by such notice, the problem would have been obviated.