417 A.2d 1238

James A. NARDULLI, t/d/b/a Vanderbilt Slag Company

v.

JOHN CARLO, INC., a corporation, and Firemens Fund Insurance Company, a corporation.

Appeal of FIREMENS FUND INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed Dec. 28, 1979.

---

Howard T. Gilfillan, Pittsburgh, for appellant.

George B. Stegenga, Washington, for appellees.

Before PRICE, HESTER and MONTGOMERY, JJ.

HESTER, Judge:

This is an appeal from an order of the Court of Common Pleas of Washington County denying appellant's petition to open judgment.

Appellees initiated this action against John Carlo, Inc., a general contractor (not a party to this appeal) and its surety, appellant. Two extensions of time were granted to Carlo's attorney to file a responsive pleading. However, no appearance being entered for the appellant, appellee took judgment by default on April 22, 1977, twenty-two days after the complaint was filed.

After petition to open by appellant, the lower court refused to open the judgment reasoning that neither a meritorious defense nor a reasonable excuse for the default was presented.

■ Our review of the record in this case leads us to conclude that the lower court abused its discretion in refusing to open the judgment. We believe the requirements necessary to open a judgment had been met, i. e., 1) the petition to open must be filed promptly; 2) the failure to file an answer must be satisfactorily explained; and 3) a meritorious defense must be alleged. See *Epstein v. Continental Bank and Trust Company*, 260 Pa.Super. 522, 394 A.2d 1049 (1978).

■ A reasonable explanation was given by appellant's counsel as to why a responsive pleading had not been filed on behalf of appellant.

Counsel explained that he represented both the contractor and its surety (appellant). He procured from appellee extensions of time to file a responsive pleading. It was his belief that he had communicated the fact that he represented the *surety* to appellee's counsel. His letters, however, did not mention the appellant. Appellee's counsel testified that this fact was never communicated to him. Thus the default was taken against appellant when no answer was filed.

We believe this failure to answer was based on a misunderstanding between counsel as distinguished from mere inadvertence or negligence.

Errors of counsel which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment. *Tice v. Nationwide Life Insurance Company*, 253 Pa.Super. 118, 384 A.2d 1257 (1978).

We are unable to arrive at any other conclusion from the within set of facts. There was no reason for appellant not to file a responsive pleading. The appellant's liability was not primary but secondary since it was a *surety*.

Clearly, the failure here was a result of counsel's belief that he had procured an extension of time to file an answer for both defendants. This misunderstanding should not bar appellant from its day in court.

■ Secondly, we believe that a sufficiently meritorious defense was alleged.

Appellant asserted that (in defense to a claim that appellee's bill for materials was not paid) appellee erroneously included sales tax in its calculations; that appellee had failed to complete its delivery contract with Lampl, Inc. (the defaulting sub-contractor), and that Lampl, Inc. guaranteed to defend, indemnify and hold appellant harmless.

In *Ecumenical Enterprises v. Nadco Construction, Inc.*, 253 Pa.Super. 386, 385 A.2d 392 (1978), we stated:

"While we do not wish to understate the necessity of setting forth with sufficient specificity facts to constitute a meritorious defense, the lower court need not try the case on its merits when considering an equitable petition to open a default judgment (citation omitted)." Id., 253 Pa.Super. 392, 385 at A.2d 395.

Here, the defense, as alleged, was sufficiently precise and clear as to satisfy this requirement.

■■ Finding that the three requirements for opening a default had been met (the promptness of the petition to open was not in dispute), "We must ascertain whether there are present any equitable considerations in the factual posture of the case which require that we grant a defendant against whom a judgment had been entered an opportunity to have his 'day in court' and to have the cause decided upon the merits. In doing so, we act as a court of conscience (citations omitted)." *Kennedy v. Black,* 271 Pa.Super. at 456, 413 A.2d at 1105 (1979 per Price, J., Hester, J., dissenting).

■■ Several factors are present which support our belief that the judgment should be opened.

One, the judgment was taken 22 days after the complaint was received without giving notice to appellant.

Courts rightly disfavor "snap judgments." The purpose of a default judgment is to speed the cause, preventing a procrastinating defendant from impeding the plaintiff from establishing his claim. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971).

The judgment taken here clearly defeats the purpose of a default judgment. There was no evidence that appellant was attempting to procrastinate in order to impede appellee's claim.

This court also distains judgments taken where no notice to the affected party was given. *Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. 441, 368 A.2d 802 (1976).

Additionally, we note that if the judgment stands, an incongruous situation might be created. In the event that

the case proceeds to trial and the contractor is exonerated, we would then have a situation where the secondary party is liable and the primary party goes free. Or, if an indemnification contract exists between the contractor and appellant, we would be faced with a situation where the contractor would be exonerated of any liability in court but would face the prospect of paying the judgment outside of court.

Finally, there is no prejudice which would fall to appellee if we open the judgment.

Order of lower court reversed and judgment entered on behalf of appellee is stricken.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

Appellant Firemens[1] Fund Insurance Company appeals from the order of the court of common pleas denying its petition to open a default judgment entered against it by appellee Vanderbilt Slag Company. For the reasons stated herein, I dissent and would affirm the order of the court of common pleas.

The pertinent facts are as follows. On March 25, 1977, appellee filed a complaint under the Pennsylvania Public Contractors Bond Law[2] against John Carlo, Inc., a general contractor, and its corporate surety, appellant, claiming that the parties named were liable jointly and severally to appellee for labor and materials supplied in connection with a construction project. The complaint was served on appellant on March 31, 1977. On April 11, appellee's attorney was contacted by an attorney who identified himself as counsel for John Carlo, Inc., and requested a twenty day extension in which to file an answer to the complaint. This request was granted as well as a similar request made on April 20.

1. Although the correct spelling of appellant insurance company is "Fireman's Fund", I will refer to it as "Firemens Fund" since that is the name that appears on the notice of appeal filed with this court.

2. Act of June 22, 1931, P.L. 880, § 1 *et seq.* (53 P.S. § 1291 *et seq.*) repealed in part by the Act of December 20, 1967, P.L. 869 (8 P.S. § 200).

By April 22, 1977, the day on which appellee took a default judgment against appellant,[3] no appearance by counsel for appellant had been entered, and no answer had been filed on its behalf. It was subsequently discovered that counsel for John Carlo, Inc., also represented appellant, although this fact was never disclosed either directly or indirectly to appellee prior to the date on which default judgment was entered. Appellant filed a petition to open the default judgment on May 18, 1977, twenty-three days after it received notice of the judgment entered against it.[4] In its petition, appellant alleged that the failure to answer was the result of counsel's inadvertence. It further alleged that a "meritorious defense" existed based upon the facts that sales tax was erroneously included in the calculation of the bill; appellee did not complete its agreement with additional defendant John Lampl (a subcontractor on the project) in that some of the materials were not delivered to appellant but rather to other jobs of Lampl, Inc.; and that Mr. Lampl guaranteed to defend, indemnify and hold harmless appellant from any suit arising under the supply contract between appellee and appellant. The court of common pleas, in denying appellant's petition, found appellant had not averred sufficient legal grounds to prove a meritorious defense, nor had it presented a reasonable excuse for delay in filing a responsive pleading.

On appeal, appellant contends the lower court abused its discretion in denying the petition to open judgment. I disagree. Appellant did not comply with the requirements necessary to grant a petition to open a default judgment and

**3.** Although this was a snap judgment, *i. e.*, it was taken only twenty-two days after notice of the complaint was received by appellant, and such judgments are generally disfavored by our courts, *see Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 368 A.2d 802 (1976), nevertheless, even a snap judgment will not automatically be opened. *Nevils v. Chernitsky*, 244 Pa.Super. 501, 368 A.2d 1297 (1976). The petition remains an appeal to the discretion of the court, and all the requirements discussed *infra* must be present before the court will open judgment.

**4.** The court of common pleas concluded that appellant's petition to open judgment had been promptly filed.

accordingly, I would find that the court of common pleas properly denied him relief.

A petition to open judgment is a matter of judicial discretion, is an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense exists; and (3) the failure to appear can be excused. *Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971); *St. Joe Paper Company v. Marc Box Company, Inc.*, 260 Pa.Super. 515, 394 A.2d 1045 (1978); *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977). Our review of the decision of a lower court on a petition to open a default judgment is guided by several well-established principles, foremost of which is that only when there has been an abuse of discretion by the trial court in refusing to open a default judgment will this court reverse. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Greater Finance Company v. Harris*, 245 Pa.Super. 8, 369 A.2d 266 (1976).

In the instant case, I agree with the court of common pleas that appellant failed to present a reasonable excuse for default and to show a meritorious defense. In its petition to open, appellant alleged that "failure to answer came about through a chain of circumstances which were not by design or purpose but mistakenly or inadvertently done." [5] We have stated in the past that:

"[r]ecent case law . . . has established 'that mere confusion, see *Triolo v. Philadelphia Coca Cola Bottling Co.*, 440 Pa. 164, 270 A.2d 620 (1970), bald allegations of inadvertence of counsel, *Goldstein v. Graduate Hosp.*, supra (441 Pa. 179, 272 A.2d 472 (1971)); *Carrozza v. Girard Chevrolet Co.*, 200 Pa.Super. 502, 190 A.2d 577 (1963), [or] mistake or inadvertence of counsel (without more), see, *Westinghouse Credit Corp. v. Wenzel*, 223 Pa.Super. 87,

---

5. In a deposition in support of the petition, appellant's counsel testified that he was operating under the assumption that the extension he obtained for John Carlo, Inc. also included appellant (N.T. 5), although he never filed an appearance on appellant's behalf (N.T. 12), and could not recall informing appellee of his representation of appellant. (N.T. 7).

289 A.2d 759 (1972); *Spilove v. Cross Transp., Inc.*, 223 Pa.Super. 143, 297 A.2d 155 (1972) . . . are not patently reasonable excuses and that *failure* to open based upon these explanations is not an abuse of discretion.' *St. Vladimir Ukranian Ortho. Church v. Preferred Risk Mutual Insurance Co.*, 239 Pa.Super. 492, 501–502, 362 A.2d 1052, 1058 (1976) (emphasis in original)." *St. Joe Paper Company v. Marc Box Co., Inc., supra* 260 Pa.Super. at 519–20, 394 A.2d at 1047–48.

I would find appellant's bald assertions of counsel's neglect, mistake or inadvertence insufficient to reasonably excuse his failure to file an answer or to obtain an extension from appellee, and I am unable to conclude that the court of common pleas applied erroneous legal principles to the fact situation presented. Such a finding alone would be enough to affirm the order of the court of common pleas, *see Balk v. Ford Motor Company, supra.*

I also would find that appellant has failed to show a meritorious defense. The petition to open must not only allege a meritorious defense, but such defense must be set forth in precise, specific, clear and unmistaken terms. *Seltzer v. Ashton Hall Nursing and Convalescent Home*, 221 Pa.Super. 127, 289 A.2d 207 (1972), and the facts on which the defense is based must be included. *Slott v. Triad Distributors, Inc.*, 230 Pa.Super. 545, 327 A.2d 151 (1974). Appellant's petition to open judgment falls far short of these requirements.[6] The petition states the defense as follows:

"[T]he defendant has a meritorious and just and complete defense to the averments set forth in the complaint and is not liable to the plaintiff in any amount whatsoever and request [sic] that the judgment be opened, the defendant

---

6. I would also find appellant's petition deficient because it did not have attached to it a copy of a proposed answer to appellee's complaint. Although this defect is not fatal, it should be noted that the practice of annexing a copy of the answer to the petition to open is the preferred practice. *Britton v. Continental Mining & Smelting Corp.*, 366 Pa. 82, 76 A.2d 625 (1950); *Ab v. Continental Imports*, 220 Pa.Super. 5, 281 A.2d 646 (1971); *West Susquehanna Bldg. & Loan Assoc. v. Sinclair*, 124 Pa.Super. 133, 188 A. 371 (1936).

44

be permitted to file an answer and the issue, if any be tried . . . ." [7]

This allegation, without more, is insufficient to satisfy the requirements of setting forth the defense in precise, clear, and unmistaken terms, and once again, I would conclude that the court of common pleas did not commit a clear abuse of discretion in denying appellant's petition to open judgment.

Accordingly, I would affirm the order of the court of common pleas.

---

7. As facts in support of this "defense," appellant alleged that appellee erroneously included sales tax in its calculations of the bill; that John Lampl, the additional defendant, guaranteed to defend, indemnify and hold appellant harmless; and that appellee failed to complete its delivery contract with Lampl, Inc. No documents, affidavits or depositions were submitted to substantiate these allegations.