439 A.2d 672

Wayne M. CIONE and Saundra A. Cione.

v.

SKYLINE CORPORATION, Forrest Brooke Sales, a partnership, and First Federal Savings and Loan Association of New Castle, Pennsylvania.

**Appeal of FORREST BROOKE SALES.**

Superior Court of Pennsylvania.

Argued May 20, 1981.

Filed Aug. 21, 1981.

Reargument Denied Jan. 21, 1982.

Petition for Allowance of Appeal Denied April 19, 1982.

David H. Patterson, Pittsburgh, for appellant.

Thomas W. Kuster, Sharon, for appellees.

Before HESTER, DiSALLE and POPOVICH, JJ.

PER CURIAM:

This is an appeal from the lower court's order denying the Petition of appellant, Forrest Brooke Sales, to Open a Default Judgment. For the reasons stated herein we reverse.

The record shows that on June 3, 1980, plaintiffs-appellees filed a Complaint in Assumpsit seeking to recover damages arising out of their purchase of a mobile home. Named as defendants were the manufacturer of the mobile home, Skyline Corporation (Skyline); the seller, appellant, Forrest Brooke Sales; and the mortgagee, First Federal Savings and Loan Association of New Castle, Pennsylvania. Service on all three defendants was proper. On July 8, 1980, attorney David Patterson entered his appearance on behalf of Skyline

only. On July 24, 1980, appellees filed and sent to appellant a notice of intention to take a default judgment against it, and on August 14, 1980, the default judgment was entered. On September 12, 1980, an amended praecipe for entry of a money judgment was filed. That same day, appellant, through attorney Patterson, filed a petition to open the default judgment. On October 3, 1980, following a hearing, the lower court denied the petition to open.

To be entitled to open a default judgment the petitioner must prove (1) that the petition was filed promptly; (2) that the failure to file an answer can be satisfactorily explained; and (3) that a meritorious defense exists. *Nardulli v. John Carlo, Inc.*, 274 Pa.Super. 34, 417 A.2d 1238 (1979). The lower court held that appellant had failed to comply with the latter two requirements.

Appellant contends that it did satisfactorily explain its reason for failing to file an answer. Appellant explained that there was an "inadvertent lack of communication" between Skyline, appellant, and Mr. Patterson as to whether Mr. Patterson, as Skyline's counsel, was also representing appellant. Walter Roberts, a partner in appellant, testified at a deposition that, upon service of the complaint, he contacted Skyline and was told that negotiations had been commenced with plaintiff prior to the filing of the complaint and that it was anticipated they would result in a settlement prior to trial. After receipt of the default notice Roberts again contacted Skyline. Skyline's representatives advised Roberts that they were attempting to obtain an extension, that attorney Patterson had entered his appearance in the action, and that Roberts should contact his attorney. Roberts attempted to reach his attorney but could not because the attorney was on vacation. Appellant explains that counsel other than Robert's attorney was not sought because it thought it was being represented by Mr. Patterson.

In *Sprouse v. Kline-Styer-McCann, Post No. 7155, Veterans of Foreign Wars*, 237 Pa.Super. 419, 423, 352 A.2d 134, 136 (1975), our court stated:

We are reluctant to let stand a default judgment where a litigant has taken steps that he reasonably believes will result in the protection of his interests. This would be a different case had appellant ignored the process and done nothing. In this case, however, appellant acted, although mistakenly, to protect his interests.

Similarly, in *Nardulli, supra,* 274 Pa.Super. at 38, 417 A.2d at 1240, our court held that "[e]rrors...which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." *Nardulli* involved a suit taken against a contractor and its surety. A misunderstanding between plaintiff's and defendant's counsel led to a default judgment being taken against the surety. Defense counsel, in the surety's petition to open, explained that the default was the result of his mistaken belief that when he had asked plaintiff's counsel for an extension of time in which to file an answer he had also informed opposing counsel that he represented both defendants. Our court found this explanation satisfactory and reversed the lower court's refusal to open the judgment. *See also, Dico Company, Inc. v. Novak,* 268 Pa.Super. 441, 408 A.2d 869 (1979).

We believe that, in the instant case, appellant's failure to file an answer was the result of a misunderstanding and not a deliberate or negligent decision not to defend. Thus, appellant's explanation is satisfactory.

■ Appellant also contends that the defense it presented is meritorious. We agree. In their complaint, plaintiffs alleged that the mobile home was defective and that the defendants had breached the warranties of merchantability and fitness for purpose. In his deposition taken pursuant to the Petition to Open, Roberts testified that his firm did not make any alterations or repairs to the mobile home and that when it was sold to the plaintiffs, it was in exactly the same condition as it was when it left the Skyline factory. Under the circumstances, and especially in view of the fact that Skyline is also a defendant in this action, we believe that the defense is meritorious. *See Nardulli, supra; Ecumenical*

*Enterprises, Inc. v. Nadco Construction, Inc.*, 253 Pa.Super. 386, 385 A.2d 392 (1978).

Order reversed and the petition to open judgment is granted.

POPOVICH, J., concurs in the result.