465 A.2d 1297

**WEST CHESTER PLAZA ASSOCIATES**

**v.**

**The CHESTER ENGINEERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 1982.

Filed Sept. 23, 1983.

198

John R. Merrick, Kennett Square, for appellant.

Richard L. Cantor, Paoli, for appellee.

Before CERCONE, President Judge and McEWEN and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, The Chester Engineers, takes this appeal from the order of the lower court denying appellant's petition to open judgment, which was entered by confession by appellant's landlord, West Chester Plaza Associates, appellee.

Appellant argues, *inter alia,* that there was sufficient evidence presented to raise a question for a jury as to whether appellee-landlord breached its duties under the lease, and thus, that the court erred in refusing to open judgment.[1] We agree.

It is the well established rule that to open a confessed judgment, a party must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury. *Bell Federal Savings & Loan Ass'n of Bellevue v. Laura Lanes, Inc.,* 291 Pa.Super. 395, 435 A.2d 1285 (1981); Pa.R. Civ.P. 2959. Although at one time it was further required that a party establish equitable considerations sufficient to impress the court with the need for relief, it is now held that equitable considerations are no longer relevant unless related to a particular asserted defense. *Bell Federal Savings & Loan Ass'n of Bellevue v. Laura Lanes, Inc., supra; Kardos v. Morris,* 470 Pa. 337, 368 A.2d 657 (1977). With this rule firmly in mind, we turn now to the facts of the instant case.

On May 2, 1978, appellant-tenant entered into a lease with appellee-landlord for the rental of office space in West Goshen Township, Chester County, Pennsylvania. The leasehold consisted of three offices and a reception area. In an addendum, the lease provided in part:

> It is agreed and understood that Lessor shall supply to Lessee all heating, air-conditioning, water, sewer, and any other utilities needed for the comfortable occupation of the demised premise.

Initially, the tenant found the leasehold to be satisfactory. Then, in the fall of 1978, appellant noticed a change in the quality of the air coming into the office. This change apparently coincided with the rental of an adjacent office by another business which employed a number of people for

---

1. The court opened judgment to the limited extent of the amount of the judgment, allowing for the landlord's mitigation of damages and credit for a security deposit, but the court otherwise permitted the judgment to stand.

telephone solicitations. Accordingly to the deposition of Robert P. Laslo, regional director of The Chester Engineers, at first he just noticed an odor, but by January of 1979 the problem was such that Laslo experienced a burning sensation in his eyes and "a general discomfort, a closeness." Laslo complained to the landlord a number of times about the problem, as was evidenced by copies of letters attached to appellant's petition to open and/or strike. The parties could not reach an amicable resolution to the problem and by a letter, dated November 27, 1979, appellant's counsel notified appellee of appellant's intention to vacate the premises. Counsel asserted in this letter that the failure of the landlord to remedy the situation despite numerous requests from appellant operated as a "breach of the implied warranty of habitability."

Ultimately, on December 31, 1979 appellant vacated the premises and on January 23, 1980 the landlord took the herewithin confession of judgment. A month later, appellant filed its petition to open and/or strike the judgment. In this petition, appellant asserted, *inter alia*, the landlord breached an implied warranty of habitability. Following appellee's answer and deposition of Robert P. Laslo, both parties filed supplemental briefs. In its supplemental brief, appellant cites the then recently decided case of *Pawco, Inc. v. Bergman Knitting Mills, Inc.*, 283 Pa.Super. 443, 424 A.2d 891 (1980),[2] which noted the rejection by the courts of

---

2.  *Pawco* relied on the Supreme Court's decision in *Teodori v. Werner*, 490 Pa. 58, 415 A.2d 31 (1980). It was the *Teodori* case which expressly put aside the old common law, independence-of-obligations approach as applied to a commercial lease where the landlord's promise to perform was a "significant inducement" to the making of the lease by the tenant.

     *Teodori* relied upon *McDanel v. Mack Realty Co.*, 315 Pa. 174, 172 A. 97 (1934), where the Court recognized the error of the independence-of-obligations approach as applied to a commercial lease. At issue in *McDanel* was the scope of a commercial tenant's remedies where the landlord breached a covenant to provide heat. The *McDanel* Court listed these three options: (1) the tenant could perform at his own expense and deduct this cost from the rent due, (2) the tenant could surrender the premises to relieve himself from any further obligation to pay rent, or (3) the tenant could "retain possession of the premises and deduct from the rent the difference between the rental value of

the old common law rule of independence-of-obligations approach to covenants in a commercial lease. It was in this supplemental brief that appellant for the first time specifically referred the court to the landlord's promise in the lease to "supply to Lessee all ... air-conditioning ... needed for the comfortable occupation of the demised premise," and appellant alleged the breach of this covenant. In a footnote, appellant asked the court for leave to amend the petition to open and/or strike to include this latter argument if the court did not find the issue to be adequately raised. Without specifically addressing this issue, the court denied appellant's petition, although the court did open judgment for the limited purpose of "a determination of the amounts of the security deposit retained by [appellee] and the sum to be credited to [appellant] as a result of the reletting of the leasehold premises." (footnote omitted). Appellant now appeals.

In this appeal, appellant basically renews his arguments from below. In reply, appellee contends, *inter alia,* that appellant waived the issue of the landlord's breach of the express covenant to provide air conditioning when appellant failed to include this point in its original petition to open. Appellee cites Pa.R.Civ.P. 2959(c), which states:

> A party waives all defenses and objections he does not include in his Petition or Answer.

Appellee interprets Rule 2959(c) as mandating that all issues must be set forth in the original petition under penalty of waiver. Appellee thus asserts that appellant has not adequately raised the argument regarding the landlord's express breach of the covenants of the lease. We disagree with appellee's waiver argument.

■ It has been held that a court may consider supplemental memoranda in considering whether a petitioner in an action to open alleged a meritorious defense. *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577

the premises as it would have been if the lease had been fully complied with by the landlord and the rental value in the condition it actually was." *Id.,* 315 Pa. at 178, 172 A. at 98.

(1979); *Ecumenical Enterprises, Inc. v. NADCO Construction, Inc.,* 253 Pa.Super. 386, 385 A.2d 392 (1978). As we wrote in *Shainline*

> Appellee, as did the court below, has confined its arguments to the contents of the petition and suggest it is improper to go outside the petition to determine if a meritorious defense exists. This court has made it clear on prior occasions that, in addition to the petition to open, it is proper to also consider depositions *Ecumenical Enterprises, Inc. v. NADCO Construction Company,* 253 Pa.Super. 386 fn. 4, 385 A.2d 392 fn. 4 (1978); *Kilgallen v. Kutna,* 226 Pa.Super. 323, 310 A.2d 396 (1973), additional testimony, *B.C.Y. Inc., Equipment Leasing v. Bukovich,* 257 Pa.Super. 121, 390 A.2d 276 (1978), as well as supplemental memorandae, *Silverman v. Polis,* 230 Pa. Super. 366, 326 A.2d 452 (1974) in assessing a meritorious defense.

*Shainline v. Alberti Builders, Inc., supra,* 266 Pa.Super. at 134 n. 1, 403 A.2d at 579 n. 1.

In *Shainline,* the petitioner merely alleged in its petition to open that it would "raise the defense of substantial failure of consideration." However, in its supplemental memorandum, appellant more specifically set forth its defense of failure of consideration, in addition to raising the defenses of accord and satisfaction and the Statute of Frauds. We concluded that appellant set forth its defenses in sufficient detail to justify relief if proven at trial.

A similar result was reached in *Ecumenical Enterprises, Inc. v. NADCO Construction, Inc., supra.* There, in relevant part, the petitioner merely averred in its petition to open that it "has a meritorious defense." On appeal, we agreed with the lower court's conclusion that the above allegation, standing alone, was insufficient for the purposes of demonstrating the existence of a meritorious defense since the facts underlying the defense were not averred. However, we concluded that the court was "unduly technical" when it failed to also consider the relevant testimony taken in depositions, and we found that the petitioner in

that case had sufficiently established a meritorious defense. *See also Smith v. Dale,* 405 Pa. 293, 175 A.2d 78 (1961); *Minetola v. Samacicio,* 399 Pa. 351, 160 A.2d 546 (1960); *Fourtees Co. v. Sterling Equipment Corp.,* 242 Pa.Super. 199, 363 A.2d 1229 (1976).

█ We find that the rule of the above cited cases applies with equal force to appellant's case. In its petition to open, appellant included this averment.

> The tenant can produce evidence in his defense which, in a jury trial, would require the issues to be submitted to the jury. Pa.R.C.P. No. 2959(e); 8 Goodrich-Amram 2d § 2959:1.

While this averment, standing alone, would be insufficient to demonstrate the existence of a meritorious defense, we conclude that the petition when read in conjunction with appellant's supplemental brief along with the deposition and copies of letters sent by a representative of appellant company to the landlord and along with the copy of the lease, which was attached to the complaint for confession of judgment, are sufficient to raise appellant's defense of breach of an express covenant.[3]

█ Appellant also argues that the judgment should be stricken because of the landlord's alleged breach of the express covenant to furnish air conditioning adequate for the comfortable occupation of the premises. It is the settled rule that a petition to strike is proper only when the defect in the original judgment appears on the face of the record; if, however, the alleged defect is based on a matter *dehors* the record, the proper approach is a petition to open judgment. *J.F. Realty Co. v. Yerkes,* 263 Pa.Super. 436, 398 A.2d 215 (1979). When the truth of the factual averments are disputed, then the proper remedy is not to strike the judgment but to open it. *Id.,* 263 Pa.Superior at 440, 398 A.2d at 217. *See also Fourtees Company v. Sterling Equipment Corporation, supra.* In the case *sub judice,*

---

**3.** Because of our disposition of this issue, we need not address appellant's argument that judgment should be opened because appellee-landlord breached an implied warranty-of-habitability.

while appellant's alleged defense is sufficient to raise issues that would have required submission to a jury, and thus to open the judgment, the very fact that appellee disputes the existence of a breach indicates that the lower court acted properly in refusing to strike judgment.[4]

Reversed and case is remanded. This Court does not retain jurisdiction.

4. For the same reasons, we find that the court did not err when it refused to strike judgment based on appellant's claim that appellee-landlord breached an implied warranty of habitability.