## Czerniak v. Longshore

*Jeffrey P. Bates, Barbara S. Magen* and *Sheila A. Haren,* for appellant.

*Nancy H. Fullam* and *William D. Longo,* for appellee.

BOYLAN, *J.,* July 25, 2007—This litigation stems from a medical malpractice action. On April 20, 2005, plaintiff filed a complaint against defendants alleging the loss of visual acuity as a result of their negligence during and following her May 16, 2003 cataract surgery. Plaintiff's counsel drafted the complaint with the aid of an expert report prepared by Dr. John Lombardo, a licensed ophthalmologist, who believed that the case was meritorious and was willing to testify at trial. (Pl. pet., Fullam aff. ¶11.) However, Plaintiff did not file the requisite certificates of merit with her complaint or within 60 days of the filing of the complaint in accordance with Pa.R.C.P. 1042.3(a).[1] Nor did plaintiff file a motion to extend the time for filing the certificates in accordance with Pa.R.C.P. 1042.3(d). On July 25, 2005, pursuant to Pa.R.C.P. 1042.6, defendant Doylestown Surgery Center filed a praecipe to enter judgment of non pros for failure to file a certificate of merit.[2] On July 26, 2005, plaintiff filed a certificate of merit for each defendant. Plaintiff filed a petition to open/strike the judgment of non pros on August 10, 2005. Defendant Doylestown Surgery Center filed a reply to this petition on September 19, 2005.[3] On April 4, 2006, plaintiff's petition was granted.

Defendants subsequently filed motions for reconsideration on April 13, 2006, which were denied on May

1. Pa.R.C.P. 1042.3(a) requires that a certificate of merit be filed in any action alleging that a licensed professional has deviated from an acceptable professional standard.

2. Defendants Kristine E. Longshore M.D. and Doylestown Eye Associates LLC filed a praecipe to enter judgment of non pros on July 22, 2005.

3. Defendants Kristine E. Longshore M.D. and Doylestown Eye Associates LLC filed a reply on September 16, 2005.

11, 2006. Defendant Doylestown Surgery Center filed another motion for reconsideration on January 16, 2007.[4] These motions for reconsideration were denied on March 23, 2007. On March 27, 2007, defendant Doylestown Surgery Center's motion for appellate certification was denied. On May 3, 2007, the Superior Court granted defendant Doylestown Surgery Center's petition for review and directed that the matter proceed "as an appeal from the order dated April 6, 2006."[5]

The court properly granted plaintiff's petition to open/strike judgment of non pros on April 4, 2006. A petition to open a judgment of non pros is addressed to the equitable powers of the court. *Almes v. Burket,* 881 A.2d 861, 863-64 (Pa. Super. 2005). The decision to open a judgment of non pros "rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law." *Harris v. Neuburger,* 877 A.2d 1275, 1277 (Pa. Super. 2005), citing *Tucker v. Ellwood Quality Steels Co.,* 802 A.2d 663, 664 (Pa. Super. 2002). After a judgment of non pros has been entered, it is the plaintiff's burden to demonstrate that there is "good cause" to reactivate the case. *Harris,* 877 A.2d at 1277, citing *Setty v. Knepp,* 722 A.2d 1099, 1101 (Pa. Super. 1998). Pursuant to Pa.R.C.P. 3051(b), a party seeking the opening of a judgment of non pros must demonstrate that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the inactivity

---

4. Defendants Kristine E. Longshore M.D. and Doylestown Eye Associates LLC filed a motion for reconsideration on December 22, 2006.

5. The order was dated April 4, 2006 and docketed on April 5, 2006.

or delay, and (3) there is a meritorious cause of action. See *Almes,* 881 A.2d at 864.

Here, plaintiff demonstrated that there was good cause to reactivate the case and satisfied the three prongs of the Pa.R.C.P. 3051(b) test. Plaintiff's counsel filed the certificate of merit the day after the judgment of non pros was entered in defendant Doylestown Surgery Center's favor and timely filed the petition to open/strike on August 10, 2006. Plaintiff's counsel provided a reasonable explanation for the delay. She believed the certificate had been filed with the complaint by another attorney within the firm according to ordinary business practices. In addition, counsel immediately filed the certificates after learning of the mistake. (Pl. pet., Fullam aff.) Furthermore, plaintiff established that the cause of action is meritorious. Dr. Lombardo's affidavit details defendants' deviations from acceptable professional standards. (Pl. pet., Lombardo aff.)

Plaintiff should not be punished for errors of counsel. "[E]rrors of counsel which indicate an oversight rather than a deliberate decision not to defend have been held to constitute sufficient legal justification to open a default judgment." *Almes,* 881 A.2d at 865, citing *Nardulli v. John Carlo Inc.,* 274 Pa. Super. 34, 417 A.2d 1238 (1979). Therefore, plaintiff should not suffer as a result of her counsel's error. In *Almes,* the Superior Court noted that "[t]he purpose of requiring a certificate of merit is to help eliminate frivolous claims of professional negligence and, possibly, to help hasten the prosecution of the same." *Almes,* 881 A.2d at 866. Here, plaintiff's counsel believed the certificates were filed until defendants filed their praecipes for the entry of judgment of non pros. Upon learning of the error, plaintiff's counsel immediately filed the certificates. More-

over, plaintiff's expert believed that the claim was meritorious as early as December 2004 when he reviewed plaintiff's medical records.

Defendant Doylestown Surgery Center contends that *Womer v. Hilliker,* 589 Pa. 256, 262, 908 A.2d 269, 273 (2006) is applicable here.[6] However, *Womer* is distinguishable because Womer sought to open the non pros judgment on the grounds that while he did not file a certificate of merit, he had substantially complied with Pa.R.C.P. 1042.3 by serving his expert report on Hilliker in discovery.

Here, plaintiff did not argue that she did not have to file a certificate of merit or that she had substantially complied with the terms of Pa.R.C.P. 1042.3. Rather, plaintiff's attorney explained that she had believed that a certificate of merit had been filed with the complaint.

Plaintiff's petition was an appeal to the equitable powers of the court. Defendants were not prejudiced by the opening of the judgment of non pros because the certificates were filed days after plaintiff's counsel discovered the problem. Plaintiff's claim is not frivolous because Dr. Lombardo addressed how defendants breached the standard of care. (Pl. pet., Lombardo aff.) Furthermore, Dr. Lombardo was willing to testify on plaintiff's behalf well before the complaint was filed. After balancing the equities and under the totality of the circumstances, it would be unfair to deny plaintiff the opportunity to proceed with her legitimate malpractice claim.

For the foregoing reasons, plaintiff's petition to open the judgment non pros was properly granted.

---

6. *Womer* was decided in October 2006. The order granting plaintiff's petition, the basis of this appeal, was signed on April 4, 2006.